Eugene Johnson, Appellant, *v.* Workmen's Compensation Appeal Board and Bernard S. Pincus Company, Appellees.

Argued April 5, 1974, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Leonard Rubin,* for appellant.

*David F. Kaliner,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., July 9, 1974:

This appeal is from an order of the Workmen's Compensation Appeal Board, dated October 23, 1973, denying a petition for a rehearing filed by Eugene Johnson (Appellant) pursuant to Section 426 of the Workmen's Compensation Act, Act of June 2, 1915, P. L. 736, as amended, 77 P.S. §871.

Appellant suffered a compensable injury while in the regular course of his employment with Bernard S. Pincus Company (Appellee) on November 21, 1968. The parties hereto entered into a compensation agreement on December 30, 1968 which provided for the payment of $60.00 per week in compensation for Appellant's injuries. A final receipt was subsequently executed by Appellant acknowledging that he had returned to work on December 2, 1968 without any disability or loss of earning power due to the injuries sustained in the accident, and that he had received $25.71 in compensation for a period of three-sevenths of a week.

Appellant continued to work until May 14, 1969 when he terminated his employment to enter a VA hospital to undergo treatment for an unrelated ailment. He thereafter filed a petition to set aside a final receipt alleging total disability due to injuries to his left knee residual to the November 1968 accident. Hearings were held before a referee in September and December

of 1970 and June of 1971, at which Appellant was represented by privately retained counsel. At the last hearing, the parties stipulated to the admission into evidence of medical reports by Appellant's treating physicians and a dentist in lieu of their testimony in person. On August 3, 1971, the referee entered a decision denying the petititon, concluding that Appellant had failed to sustain his burden of proof. The Board on appeal affirmed the referee's decision on March 16, 1972. No appeal was taken from this decision.

Appellant, through a second attorney, filed the instant petition for a rehearing with the Board on June 26, 1973. In support of this petition, appellant alleged, *inter alia,* that he was deprived of the effective assistance of counsel guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §9 of the Pennsylvania Constitution because his prior counsel failed to secure the appearance and testimony of Appellant's treating physicians, and thus he was unable to prove a continuing compensable injury. The Board denied a rehearing on October 23, 1973 because 1) it lacked jurisdiction to consider the petition as the statutory appeal period had run; and 2) it found without merit Appellant's "argument that the ineptness of his previous attorney is a ground for granting this Petition for Rehearing." Appellant appeals both determinations to this Court.

Initially, we must dispose of Appellant's contention that the Board deprived him of the due process of law guaranteed by the Fourteenth Amendment of the United States Constitution and Article I, §9 of the Pennsylvania Constitution when it denied that incompetency of counsel is a ground for granting a rehearing under Section 426 of the Act, 77 P.S. §871. Even were we to read the Board's order to support this contention, we find this constitutional argument to be

without merit. The substantive due process right to effective assistance of counsel has never been extended to civil or administrative proceedings, but rather is limited to a review of criminal prosecutions.[1] We have carefully reviewed the authorities cited by Appellant in support of his position that the right to effective counsel has been extended to civil and administrative proceedings but these turn on the basic right to counsel which is not disputed in workmen's compensation hearings.

This is not to suggest that—though not constitutionally mandated—a proven incompetency of counsel could not constitute "cause shown" under Section 426 which would permit the Board to exercise its statutory discretion in granting a rehearing. The record in this case, however, does not support Appellant's characterization of his prior attorney's representation. To the contrary, it appears that this attorney made a conscious and deliberate decision to base Appellant's case on the depositions and reports of his treating physicians, rather than have the physicians testify in person. We cannot agree that Section 422 of the Act, 77 P.S. §835, required the appearance in person of Appellant's treating physicians to support his testimony where the parties have stipulated to the admissibility of the medical reports, and they were received

---

[1] Although the Supreme Court has not squarely confronted this issue, see *Hay v. Hollis*, 463 F. 2d 1136 (5th Cir. 1972); *cert. den.* 409 U.S. 1130 (1973). The Fifth Circuit Court of Appeals in *Hay* affirmed per curiam the unreported decision of Judge BOTTLE of the District Court of the Middle District of Georgia which held that Appellant's claim of incompetent counsel in a civil action was frivolous and without merit. For the text of this opinion and the grounds for certiorari to the Supreme Court of the United States raising the same constitutional challenge presented here, see United States Supreme Court Certiorari Docket (1972-1973 Court Term) 7-703. *See also Rosen v. Seidenberg*, 111 Pa. Superior Ct. 534, 170 A. 351 (1934).

into evidence by the referee. That Appellant's prior counsel merely misjudged the weight the referee would give to the evidence submitted does not amount to incompetence even under the standard applicable in criminal cases. We find that the Board did not abuse its discretion in denying a rehearing on this ground.

Appellant's contention that his petition for a rehearing was timely stands on firmer grounds, as is conceded here by Appellee. Section 426, as amended, 77 P.S. §871, states in pertinent part, that a rehearing may be granted "at any time before the Commonwealth Court, to which an appeal has been taken . . . shall have taken final action thereon, . . . but such rehearing shall not be granted more than eighteen months after the board . . . has sustained or reversed any action of the referee." This provision constitutes a statute of repose with the limitation for filing a petition for a rehearing running to the date the petition is filed, rather than to the date of the Board's action thereon. *Overmiller v. D. E. Horn & Company,* 191 Pa. Superior Ct. 562, 159 A. 2d 245 (1960). As no appeal was taken from the Board's order of March 16, 1972 affirming the referee's decision denying Appellant's petition to set aside a final receipt, Appellant's petition for a rehearing filed within eighteen months of the Board's order was timely. *See Moss v. Philadelphia,* 209 Pa. Superior Ct. 317, 228 A. 2d 47 (1967).

This error by the Board, however, does not affect the result reached because, as our prior discussion has indicated, Appellant failed to allege adequate grounds which would warrant a rehearing. It is settled law in this Commonwealth that "a correct decision will be sustained if it can be sustained for any reason whatsoever; in other words we will not reverse in such a case even though the reason given by the court below to sustain its decision was erroneous." *Sherwood v. Elgart,* 383 Pa. 110, 115, 117 A. 2d 899, 901 (1955).

We have carefully reviewed the record compiled before the referee in this case, and find no support for Appellant's allegation that his prior counsel did not effectively represent him or that Appellant was otherwise deprived of a fair and complete hearing. Appellant does not, and cannot, allege that the testimony he wishes to introduce at a rehearing "was obtained after the hearing and that, even by the exercise of ordinary diligence, it could not have been presented at the hearing." *Hiram Wible & Son v. Keith,* 8 Pa. Commonwealth Ct. 196, 302 A. 2d 517 (1973).

### ORDER

Now, July 9, 1974, the order and decision of the Workmen's Compensation Appeal Board, dated October 23, 1973, in the above case is affirmed.