538 A.2d 661

John R. Bickel, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Williamsport Sanitary Authority and Hartford Insurance Group), Respondents.

John R. Bickel, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Williamsport Sanitary Authority), Respondents.

Submitted on briefs November 16, 1987, to Judges MACPHAIL, DOYLE, and Senior Judge NARICK, sitting as a panel of three.

*Clifford A. Rieders,* for petitioner.

*Hugh F. Mundy, Dougherty, Mundy & Leventhal,* for respondent, Williamsport Sanitary Authority.

*Paul J. Dufallo,* with him, *Frederick H. Hobbs,* for respondent, State Workmen's Insurance Fund.

OPINION BY JUDGE MACPHAIL, March 10, 1988:

John R. Bickel, Jr. (Petitioner) petitions for our review of the order of the Workmen's Compensation Appeal Board (Board) filed May 16, 1986 denying Petitioner's request for a remand pursuant to Section 419 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §852, and the Board's order filed February 11, 1987 denying Petitioner's request for a rehearing pursuant to Section 426 of the Act, 77 P.S. §871. We affirm the Board's order of May 16, 1986 and reverse the Board's order of February 11, 1987.

Petitioner contends that he was injured on August 22, 1983 while working at the Williamsport Sanitary Authority as part of the Community Work Experience Project.[1] As a result of this injury, Petitioner went to

---

[1] Petitioner alleges that he injured his back by lifting and pushing a wheelbarrow full of gravel. Petitioner had sustained previous back injuries in 1979 while working under the Concentrated Employment Training Program and was paid compensation by the State Workmen's Insurance Fund until April 4, 1980.

Divine Providence Hospital where he was examined and tested by various doctors, including an orthopedic specialist, Dr. Fred R. Amsler, Jr.

Three hearings were held subsequent to Petitioner's filing of a Claim Petition. Petitioner's counsel was present only at the December 20, 1983 and April 12, 1984 hearings. At the December 20, 1983 hearing, Petitioner's counsel indicated that Petitioner was scheduled to undergo operative procedures the following February for a ruptured disc. The Referee indicated that he would delay the proceedings until after that surgery occurred and that, in the meanwhile, counsel agreed to exchange medical reports and records. At that hearing, Petitioner's counsel also indicated that medical evidence would be presented by Dr. Amsler and a Dr. Stevens. Petitioner's counsel again specifically stated at the April 12, 1984 hearing that he intended to present the testimony of Dr. Amsler and assured that this would be done in order to back up medical records which were admitted on that condition. Notes of Testimony at 9, Reproduced Record at 16a. At the September 27, 1984 hearing, when Petitioner appeared alone, the referee indicated that he would be holding the record open for the receipt of medical evidence.

By letter dated December 20, 1984, however, Petitioner's counsel indicated to the referee that the record could be closed. As a result, no medical evidence on behalf of Petitioner was ever received as part of the record. Consequently, the referee issued a decision on June 17, 1985 concluding that, "[b]y presenting no medical evidence the claimant did not meet his burden of proof." Referee's Decision at 3. The referee also found that, "[t]his is not the type of injury which is so obvious that the Referee can infer a connection between injury and disability." *Id*.

Petitioner appealed to the Board contending that he should be afforded the opportunity to present his medical evidence. The Board treated the appeal as a request for a remand. The appeal was denied and the decision of the referee was affirmed. Petitioner then filed a timely Petition for Rehearing, with the assistance of new counsel, asserting that the incompetence of his original counsel was the reason that no medical evidence was submitted on his behalf. This Petition for Rehearing was also denied by the Board. The appeals of both orders have been consolidated for our review.

We will first address the remand question. The Board has the power to remand cases to the referee only when the findings of the referee are not supported by competent evidence or the referee has failed to make a finding on a crucial issue. *LoRubbio v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 529, 411 A.2d 866 (1980). Neither of these circumstances is present in the instant case, nor were they averred. Therefore, the Board's denial of a remand was proper.

We will next consider the rehearing issue. The decision of whether to grant a rehearing is a matter of discretion for the Board. *Hawkey v. Workmen's Compensation Appeal Board*, 56 Pa. Commonwealth Ct. 379, 425 A.2d 40 (1981). Our scope of review in such cases is limited to a determination of whether the Board has abused that discretion. *Id.*

In the case of *Johnson v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974), this Court held that the substantive due process right to effective assistance of counsel is not applicable to civil or administrative proceedings. Judge, now President Judge, CRUMLISH also wrote in that opinion, however, that "[t]his is not to suggest that—though not constitutionally mandated—a proven incompetency

of counsel could not constitute 'cause shown' under Section 426[2] which would permit the Board to exercise its statutory discretion in granting a rehearing." *Id.* at 223, 321 A.2d at 730.[3] Rehearing was not granted in *Johnson,* and no abuse of discretion was found, because it was determined that the attorney's conduct in that case did not amount to incompetence.[4]

Upon reviewing the record in the instant case, including the medical records which were conditionally admitted into evidence at the April 12, 1984 hearing, we can find no reasonable explanation for counsel's actions. The referee, opposing counsel and Petitioner all expected Petitioner's counsel to present medical testimony. As mentioned earlier in this opinion, he repeatedly stated that he would do so. Of course, Petitioner's counsel never did present this testimony, and no reason for his failure appears in the record before us. Reviewing the record of Petitioner's pro se appeal to the Board,

---

[2] Section 426 of the Act, 77 P.S. §871, which provides in pertinent part that, "[t]he board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee. . . ."

[3] We note that the generally recognized purpose of granting a rehearing is to allow a party to present newly discovered, noncumulative evidence. *Leskin v. Workmen's Compensation Appeal Board (Coca-Cola Bottling Co. of New York),* 70 Pa. Commonwealth Ct. 539, 453 A.2d 715 (1982). The instant case presents a different situation because the evidence that Petitioner wishes to submit is neither newly discovered nor cumulative, but was never introduced by Petitioner's counsel for some unknown reason. We are considering here whether this situation nevertheless constitutes "cause shown" under Section 426 of the Act, 77 P.S. §871, as set forth in *Johnson.*

[4] The attorney in *Johnson* was faulted by his client for submitting the depositions and reports of the treating physicians rather than actual courtroom testimony.

it appears that this situation came as a surprise to Petitioner and that he discharged his counsel for that reason. It is quite apparent that the presentation of this evidence was Petitioner's only means of medical proof of his injury, his disability and the causal connection between his work-related injury and his disability.

Mindful that the Act's provisions are remedial in nature and are to be liberally construed, *Builders Exchange, Inc. v. Workmen's Compensation Appeal Board,* 64 Pa. Commonwealth Ct. 94, 439 A.2d 215 (1982), we are of the opinion that the Board abused its discretion when it did not order a rehearing to give the Petitioner an opportunity to show that medical evidence was available which was not presented due to his counsel's negligence. If the Board is satisfied that those are the true circumstances, it then shall proceed to redetermine the Petitioner's claim in light of that evidence.

We, accordingly, will reverse the Board's order entered in No. 568 C.D. 1987, and remand the case for further proceedings consistent with the foregoing opinion.

### ORDER

The order of the Workmen's Compensation Appeal Board filed May 16, 1986 in No. 1818 C.D. 1986 denying remand is hereby affirmed, and the order filed February 11, 1987 in No. 568 C.D. 1987 denying rehearing is reversed. The case is remanded to the Board for further proceedings not inconsistent with the opinion hereto annexed.

Jurisdiction relinquished.