565 A.2d 224

**Robin S. MITCHELL, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (NEAL TREE SERVICE), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs September 8, 1989.

Decided Oct. 25, 1989.

John G. Achille, Brookville, for petitioner.

Michael J. Wagner, David P. Andrew Evey, Routch, Black, Dorezas, Magee & Andrews, Altoona, for respondents.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

McGINLEY, Judge.

Robin S. Mitchell (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) denying Claimant's petition for rehearing.

Claimant, while an employee of Neal Tree Service (Employer), suffered a work-related injury, described as a "sacroiliac sprain" on October 18, 1982. On December 13, 1982, a notice of compensation payable was filed and Claimant received benefits for total disability from October 18, 1982, through November 21, 1982. Claimant returned to work on November 22, 1982, and signed a final receipt on December 10, 1982.

Pursuant to a subsequent supplemental agreement dated April 20, 1983, Claimant was again paid total disability benefits. On January 9, 1985, Employer filed petitions for termination and supersedeas alleging that Claimant's disability had ceased and that he was capable of returning to work as of November 8, 1984. After a hearing at which Claimant appeared, a supersedeas was entered effective February 26, 1985.

On May 15, 1985, a hearing was held before the referee on Employer's petition for termination. The referee delayed the hearing for a half hour, but Claimant did not appear. Employer presented the medical testimony of Stanley R. Askin, M.D. (Dr. Askin). Dr. Askin testified that Claimant had suffered a lumbrosacral strain on October 18, 1982, but after examining Claimant on November 8, 1984, he found that Claimant was fully recovered. Based on Dr. Askin's testimony that Claimant was no longer disabled as of November 8, 1984, the referee rendered a June 11, 1985, decision terminating Claimant's benefits. Claimant appealed to the Board which affirmed the referee on June 5, 1987.

On September 29, 1988, Claimant petitioned for rehearing alleging that he was unable to obtain counsel to represent him in the termination proceeding. Claimant contends that he would succeed on the merits if given the opportunity to present medical evidence including a physician's opinion

that, based upon review of a 1983 CT-scan, Claimant suffers from a ruptured disc at the L4-5 level of Claimant's spinal column.

The Board denied Claimant's petition for rehearing and reiterated that the referee's decision was based upon substantial, competent evidence. The Board also noted that there is no provision under The Pennsylvania Workmen's Compensation Act[1] which requires that a claimant be represented by counsel. Claimant appeals.

Claimant contends that the Board abused its discretion in not granting the petition for rehearing, and that Claimant's constitutional rights were violated because he did not have an opportunity to present his case before the referee with the assistance of competent counsel, and that there is sufficient after-acquired medical evidence to show that Claimant is in fact disabled.

The decision of whether to grant a rehearing is for the Board. Our scope of review in such cases is limited to whether the Board abused its discretion. *Bickel v. Workmen's Compensation Appeal Board (Williamsport Sanitary Authority)*, 114 Pa. Commonwealth Ct. 333, 538 A.2d 661 (1988).

Clearly, the substantive due process right to effective assistance of counsel has never been extended to civil or administrative proceedings, but rather is limited to a review of criminal prosecutions. *Johnson v. Workmen's Compensation Appeal Board*, 14 Pa. Commonwealth Ct. 220, 321 A.2d 728 (1974).

Claimant contends that he expected an attorney to represent him at the termination proceeding and analogizes his situation to the one in *Bickel* in which an attorney appeared at several hearings on a claimant's behalf but did not present the medical evidence he said he would.

In *Bickel*, we concluded that the Board abused its discretion when it did not order a rehearing to give the claimant an opportunity to show that medical evidence was available

1. Act of June 5, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

which was not presented due to his counsel's negligence. *Bickel,* 114 Pa. Commonwealth Ct. at 338, 538 A.2d at 663.

Claimant's situation is clearly distinguishable from that in *Bickel.* In the case *sub judice,* no attorney ever entered his appearance on Claimant's behalf. Claimant also failed to appear at the termination proceeding or indicate on the record that he was represented by counsel. As a result, in accordance with *Johnson,* we conclude that the Board did not abuse its discretion in denying Claimant's petition for rehearing even though Claimant was not represented by counsel before the referee.

Claimant also contends that there is substantial after-acquired medical evidence supporting a finding of total disability and relies on our state Supreme Court's decision in *Cudo v. Hallstead Foundry, Inc.,* 517 Pa. 553, 539 A.2d 792 (1988). In *Cudo,* the Court held that the Board did not abuse its discretion in granting a claimant's petition for rehearing in the interests of justice based on additional medical evidence which admittedly was available at the time of the original hearing.

However, the facts in *Cudo* are also distinguishable from the situation in this case. In *Cudo,* the Board determined that the testimony presented at the first hearing was equivocal and that further hearings were needed to develop a full and complete record.

In the present case, the Board found Dr. Askin's testimony to constitute substantial competent evidence to support the referee's decision. Also, a review of the record indicates that the heart of Claimant's additional evidence consists of a reinterpretation of a 1983 CT-scan. This evidence would merely challenge the credibility of Dr. Askin, who opined that the CT-scan appeared to be normal.

In light of the fact that the Board did not find the Employer's medical evidence to be equivocal or the record incomplete, we must conclude that the Board did not abuse its discretion in denying Claimant's petition for a rehearing.

## ORDER

AND NOW, this 25th day of October, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned proceeding is affirmed.