631 A.2d 1111

**Daniel P. BOYD, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (EICHLEAY CORPORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 4, 1993.

Decided Sept. 21, 1993.

Emil R. Pecori, Jr., for petitioner.

James B. Hudzik, for respondent.

Before DOYLE and KELLEY, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

This is an appeal by Daniel P. Boyd from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision and the petition of Eichleay Corporation (Employer) to terminate benefits under The Pennsylvania Workmen's Compensation Act (Act).[1] For the reasons set forth below, we affirm in part and reverse in part.

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

The relevant facts are as follows. On October 2, 1984, Boyd, while employed as a boilermaker, sustained a work-related injury to his lower back and received compensation benefits under the Act. On October 28, 1985, Employer filed a petition to terminate asserting that Boyd's work-related injury had ceased and that Boyd could return to his pre-injury job without restriction. Boyd denied these assertions. Employer also requested a supersedeas.

By order dated January 17, 1986, the referee denied Employer's request for supersedeas but instructed Employer to withhold 20% of Boyd's ongoing compensation in escrow pending a final determination of the case. On December 9, 1987, the referee granted Employer's petition for termination. Boyd then appealed to the Board, which on April 5, 1988, remanded to the original referee so Boyd could present additional evidence.

After Boyd introduced additional evidence, on May 31, 1990, the referee again granted Employer's petition for termination, effective July 15, 1985, and also denied counsel fees to the attorney who represented Boyd throughout this entire matter. On the question of counsel fees, the referee made the following pertinent conclusions of law:

2. To establish any right to a portion of the benefits awarded to a claimant, his attorney must submit a fee agreement to the Referee.

3. Although 20% of the compensation paid to the claimant during the considerable period of a Supersedeas Denial, none of this is due to the claimant's attorney unless an award is ultimately made in favor of the claimant. This would be in effect even if a proper fee agreement had been submitted by the claimant's attorney.

Boyd appealed to the Board which affirmed the referee, and this appeal ensued.

The issues before us are (1) whether a remand to the same referee who had already found in the first decision that Employer's petition to terminate should be granted deprived Boyd of a constitutionally required "fair hearing," and (2)

whether a referee and the Board have any authority to escrow Section 442 counsel fees [2] after a supersedeas has been denied, and then, following a determination to terminate compensation, retroactively order the escrowed counsel fees paid to, or actually retained by, Employer because "none of this is due to the claimant's attorney unless an award is ultimately made in favor of the claimant. This would be in effect even if a proper agreement had been submitted by the claimant's attorney."

On appeal to this Court,[3] Boyd initially argues that the Board erred by remanding the case to the same referee who had initially granted Employer's petition for termination and alleges that, under such circumstances, the remand was fundamentally unfair and violated Boyd's due process rights.

In determining whether a remand to the same referee is correct, we are guided by Section 419 of the Act, 77 P.S. § 852, which provides as follows:

The board may remand any case involving any question of fact arising under any appeal to a referee to hear evidence and report to the board the testimony taken before him or such testimony and findings of fact thereon as the board may order. The department may refer any question of fact arising out of any petition assigned to a referee, to any

2. Section 442 of the Act, 77 P.S. § 998, provides:

All counsel fees, agreed upon by claimant and his attorneys, for services performed in matters before any referee or the board, whether or not allowed as part of a judgment, shall be approved by the referee or board as the case may be, providing the counsel fees do not exceed twenty per centum of the amount awarded. The official conducting any hearing, upon cause shown, may allow a reasonable attorney fee exceeding twenty per centum of the amount awarded at the discretion of the hearing official.

In cases where the efforts of claimants' counsel to produce a result favorable to the claimant but where no immediate award of compensation is made such as in cases of termination or suspension the hearing official shall allow or award reasonable counsel fees, as agreed upon by claimant and his attorneys, without regard to any per centum.

3. Our scope of review in this case is limited to determining whether constitutional rights have been violated, an error of law has occurred, or whether necessary findings of fact are supported by substantial evidence. *Monaci v. Workmen's Compensation Appeal Board (Ward Trucking)*, 116 Pa.Commonwealth Ct. 172, 541 A.2d 60 (1988).

other referee to hear evidence, and report the testimony so taken thereon to the original referee.

■ Initially, we note that a decision to grant a remand or rehearing is well within the discretion of the Board, *see, e.g., Bickel v. Workmen's Compensation Appeal Board (Williamsport Sanitary Authority),* 114 Pa.Commonwealth Ct. 333, 538 A.2d 661 (1988) (affirming a Board decision to remand to an original referee); *A & P Tea Co. v. Workmen's Compensation Appeal Board (Giglio),* 114 Pa.Commonwealth Ct. 507, 539 A.2d 51 (1988) (affirming a Board decision to remand to a different referee because the original referee had been reassigned to another county), and indeed, the procedure of remanding to the same referee often results in a change in credibility determinations by the original referee. *See, e.g., Carrier Coal Enterprises v. Workmen's Compensation Appeal Board (Balla),* 118 Pa.Commonwealth Ct. 201, 544 A.2d 1111 (1988); *Crucible Steel Corp. v. Workmen's Compensation Appeal Board (Lockhart),* 61 Pa.Commonwealth Ct. 500, 434 A.2d 242 (1981).

Section 419 clearly states that the Board may remand to "a referee." Significantly, this language imposes no requirement that a case must always be remanded to a different referee and we expressly reject Boyd's argument that remand to the original referee, without more to establish actual prejudice, is fundamentally unfair and a violation of due process. Cases like *Carrier Coal* and *Crucible Steel Corp.* undercut Boyd's argument and conclusively demonstrate that a referee can be a fair and impartial fact finder when trying a case that has been remanded. Indeed, absent Boyd's bald allegation of error, no facts or record evidence are cited which would substantiate this claim and we can find nothing in the record to suggest that the referee was anything less than fair and impartial in terminating Boyd's benefits. Accordingly, we affirm the Board on this point.

Boyd next argues that the referee erred in ordering that 20% of Boyd's compensation be escrowed, and then refusing to award the 20% to Boyd's counsel. Employer, on the other hand, contends that the referee correctly and properly denied

the request to award the 20% held in escrow because Boyd's counsel failed to submit a fee agreement into the evidentiary record.

First, we note that the referee's finding that no fee agreement was present is erroneous.[4] Second, we note that the referee explicitly stated that *"even if* a proper fee agreement had been submitted by the claimant's attorney," he would have denied counsel fees because an award was not ultimately made in favor of Boyd. The referee's use of this "even if" language vitiates any need to examine this case under a failure to submit a fee agreement analysis. Instead, we must focus our attentions on the conclusion that "[no counsel fees are] due to the claimant's attorney unless an award is ultimately made in favor of the claimant."

■ We conclude that the referee erred in refusing to award the 20% held in the escrow account to Boyd's counsel. In cases where a referee initially denies a supersedeas and places counsel fees in an escrow fund, but eventually grants a termination petition, the escrowed funds must be released to a claimant's counsel to pay for services rendered from the filing of the termination petition to the date of the referee's order. *Pittsburgh Board of Education v. Workmen's Compensation Appeal Board (Smith),* 149 Pa.Commonwealth Ct. 297, 613 A.2d 99 (1992). In determining whether escrowed funds should be released to a claimant's counsel, we stated:

4. At the termination hearing held on January 9, 1986, the following exchange between Boyd and his counsel was entered into the record:

Q  Is there any agreement between you and myself for counsel fees in this particular case?
A  Twenty Percent.
Q  An agreement for 20 percent of compensation after the supersedeas hearing?
A  Yes.
Q  If there is any?
A  Yes.
[Referee]: What you are requesting is 20 percent of what benefits you preserve for him, right?
[Boyd's counsel]: Yes.
[Referee]: Proceed....
(Notes of Testimony, January 9, 1986, at 18).

In the present case, the board ... allowed claimant's counsel to receive his 20% share of the compensation owed to the claimant as a result of counsel's assistance in obtaining an additional 23 months of benefits for claimant. As long as the claimant was receiving compensation, her counsel was entitled to 20%, regardless of whether that money was being held in a separate account (80% being paid to the claimant; 20% being placed in escrow) or whether the claimant was paying her counsel directly out of the 100% payments she would have been receiving.

*Id.* at 299–300, 613 A.2d at 101.

Here, Boyd's counsel was entitled to the compensation benefits which were held in escrow. Boyd's counsel provided legal services to Boyd and Boyd agreed to pay 20% of the compensation benefits he received as the result of counsel's efforts. Boyd's counsel succeeded in securing Boyd benefits from the date on which the supersedeas was denied (October 28, 1985) until the date on which the original referee issued his final decision (May 31, 1990) and granted the termination. Because Boyd was receiving compensation for this time period, Boyd's counsel, having represented Boyd throughout this entire action, is entitled to be paid as per the fee agreement (20%), for services rendered regarding benefits actually received by Boyd.

Accordingly, we affirm the Board's decision in regard to whether Boyd had a "fair hearing," but we reverse in regard to the payment of the compensation benefits held in escrow.

### ORDER

NOW, September 21, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed in regard to whether Boyd had a "fair hearing," and the order is reversed in regard to the payment of the compensation benefits held in escrow.