**MOSITES CONSTRUCTION CO., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (SCOTT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 23, 1994.

Decided Dec. 20, 1994.

Reargument Denied Feb. 7, 1995.

Dale A. Cable, for petitioner.

Eric P. Betzner, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Mosites Construction Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) awarding Nelson Scott (Claimant) ten percent interest on escrowed attorney fees under section 406.1 of The Pennsylvania Workers' Compensation Act (Act) [1]. We reverse.

Claimant sustained a lower back injury while employed by Employer as a laborer and received compensation benefits pursuant to a Notice of Compensation Payable. The parties subsequently executed a Supplemental Agreement suspending Claimant's benefits based on his return to light duty work with no loss of earnings. However, because Claimant did not feel that he was able to perform the light duty work assigned to him, his return to work ended after several days.

Employer then filed a Petition for Suspension of benefits alleging that Claimant was capable of returning to work at wages equal to or greater than his pre-injury wage. Claimant filed an answer denying the allegation and then filed a Reinstatement Petition alleging that he was once again temporarily totally disabled. Employer filed a timely answer denying the allegations of Claimant's petition and hearings were held before a referee [2] on both petitions.

After the initial hearing, the referee issued an interlocutory order denying Employer's request for a supersedeas and directing Employer to place twenty percent of Claimant's compensation in escrow for potential attorney fees. Several days later, Claimant and his counsel entered into a contingent fee agreement providing that counsel was entitled to twenty percent of the gross compensation payable during the pendency of the proceedings.[3]

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 717.1.

2. Referees are now called Workers' Compensation Judges under the new amendments to the Workers' Compensation Act effective August 31, 1993. Because this case was before the Referee prior to the effective date of the amendments, however, we will refer to the Referee as such and not as Workers' Compensation Judge.

3. It also stated that "[i]n the event the Client does not make any recovery, no charge shall be made by the Attorney for his services." (R.R. at 57–58.)

Employer subsequently filed a Petition for Termination alleging that all Claimant's disability from his work-related injury had ceased. Claimant filed a timely answer denying the material allegations and additional hearings were held before the referee on the three petitions.

After considering the evidence, the referee granted Employer's Suspension Petition and Petition for Termination, dismissed Claimant's Reinstatement Petition and further ordered that Employer was not to pay the escrowed attorney fees.[4] Claimant appealed to the Board, which reversed the denial of escrowed attorney fees but affirmed the decision in all other respects.

Claimant thereafter filed a Petition for Rehearing seeking interest on the escrowed attorney fees under section 406.1 of the Act, and Employer filed a timely answer thereto. The Board granted the rehearing and, after argument on the matter, ordered that Employer pay interest on the escrowed attorney fees in the statutory amount to Claimant's counsel.

■ On appeal,[5] Employer argues that the Board erred in concluding that section 406.1 requires the payment of interest on attorney fees placed into escrow pursuant to a referee's order. Section 406.1 of the Act, 77 P.S. § 717.1 (emphasis added), provides in pertinent part:

> The employer and insurer shall promptly investigate each injury ... and proceed promptly to commence the payment of

compensation due.... Interest shall accrue on all *due and unpaid compensation* at the rate of ten per centum per annum....

Employer contends that the plain language of section 406.1 requires that interest shall be paid only on *compensation* that is *due and unpaid* because an employer or insurer failed to promptly investigate a claim and commence payment of benefits to a disabled employee; thus, it is a penalty provision that is not applicable under the circumstances present here. Our inquiry here, then, is whether monies placed in escrow for potential attorney fees pursuant to a referee's order constitute "due and unpaid compensation" under section 406.1 of the Act.

■ Employer argues that monies placed in escrow for potential attorney fees pursuant to a referee's order are not "compensation" at all but, instead, are properly characterized as "attorney fees."[6] We agree.

■ In this case, the referee, affirmed by the Board, granted Employer's Petition for Termination, thereby determining that Claimant was not entitled to any "compensation." Once Claimant's Petition for Reinstatement was also dismissed, the money that was deposited in the escrow account to secure Employer's potential liability for "compensation" could no longer be characterized as "compensation." However, although Claimant is not entitled to any "compensation," his attorney is nevertheless entitled to be paid from the money in the escrow fund,[7]

---

**4.** With respect to the attorney fees, the referee made the following finding of fact and conclusion of law:

> 18. The claimant and his counsel have an attorney fee agreement for twenty percent of compensation during the period of litigation, including any appeals. This fee is fair and reasonable.

(Referee's Finding of Fact, No. 18.)

> 6. Litigation costs and attorney fees are fair, reasonable, and approved.

(Referee's Conclusion of Law, No. 6.) The referee then ordered that "[l]itigation costs and attorney fees are not to be paid." (R.R. at 19.)

**5.** Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. *Berks County Home v. Workmen's*

*Compensation Appeal Board (Schnable),* 145 Pa.Commonwealth Ct. 582, 604 A.2d 767 (1992).

**6.** In support of its position, Employer relies upon *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck and Co.),* 75 Pa.Commonwealth Ct. 504, 462 A.2d 909 (1983). However, *Glinka* is not applicable here where Claimant seeks interest on attorney fees deducted from compensation rather than on attorney fees awarded under section 440 of the Act, which are in addition to the award of compensation.

**7.** In *Boyd v. Workmen's Compensation Appeal Board (Eichleay Corp.),* 158 Pa.Commonwealth Ct. 486, 491–92, 631 A.2d 1111, 1114 (1993), we held:

> In cases where a referee initially denies a supersedeas and places counsel fees in an es-

which, because it is not "compensation," accrued no interest.

Accordingly, we reverse the order of the Board awarding interest under section 406.1 on attorney fees held in escrow by Employer pursuant to the referee's order.

## ORDER

AND NOW, this 20th day of December, 1994, the order of the Workmen's Compensation Appeal Board, dated February 28, 1994, is REVERSED.

crow fund, but eventually grants a termination petition, the escrowed funds must be released to a claimant's counsel to pay for services rendered from the filing of the termination petition to the date of the referee's order.