IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roosevelt McDaniel,                          :
                Petitioner           :
                                 :
                                 :    No.  797 C.D. 2016
             v.                     :
                                 :    Submitted:  September 23, 2016
Workers' Compensation  Appeal          :
Board (Maramont Corporation),          :
                Respondent         :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  December 20, 2016


Roosevelt McDaniel (Claimant) petitions for review of the April 20, 2016 order of the Workers' Compensation Appeal Board (Board), which affirmed a Workers' Compensation Judge's (WCJ's) decision granting his claim petition in part.


**Facts and Procedural History**

Claimant worked for Maramont Corporation (Employer) as a delivery assistant and his job duties consisted of loading and unloading trucks and making deliveries.  On July 21, 2010, Claimant was the passenger in a delivery truck that was traveling 10-15 miles per hour down a one-way street.  The truck swerved to the right to avoid hitting a pedestrian and sideswiped a car.  As a result, Claimant was jerked forward and back, striking his head on the dashboard and his right elbow on the

armrest.  Claimant immediately reported the accident to his supervisor, Perry Pilson, who advised him to contact the police.  Claimant did so and thereafter finished his deliveries for the day.  (WCJ's 3/6/15 Decision, Findings of Fact Nos. 1(a)-(e).)

The next day, Claimant called off work and sought treatment at the Temple University Hospital Emergency Room for complaints of neck, elbow, and back pain.  On July 23, 2010, Claimant reported to WorkNet upon the instruction of Pilson, at which time he was required to undergo drug testing.  Claimant worked a few days following the incident but was eventually laid off when his drug test returned a positive result for marijuana.  Claimant had difficulty performing his job duties prior to his layoff because of back and elbow pain.  Claimant believed that he would be working for Employer the entire summer.  (WCJ's March 6, 2016 Decision, Findings of Fact Nos. 1(e)-(g), (j)-(l).)

On September 8, 2010, Claimant filed a claim petition alleging that he was totally disabled as a result of the injuries he sustained to his lower back and elbow on July 21, 2010.  (WCJ's January 27, 2012 Decision, Finding of Fact No. 1.)  Employer filed an answer denying the allegations of Claimant's petition.  (WCJ's January 27, 2012 Decision, Finding of Fact No. 2.)  The matter was assigned to WCJ Pamela Santoro, who proceeded with hearings.  In support of his claim petition, Claimant submitted his own deposition testimony as well as the deposition testimony of Michael Schina, M.D. In opposition, Employer submitted into evidence the deposition testimony of Claimant's supervisor, Pilson; the deposition testimony of David Kuntz, Ph.D., the executive director of the lab that performed Claimant's drug test; the deposition testimony of I. Howard Levin, M.D., who performed an independent medical examination of Claimant; the deposition testimony of Roy Stahlman, M.D., the WorkNet physician who evaluated Claimant two days after the

2

motor vehicle accident; and medical records from Temple University Hospital. (Supplemental Reproduced Record (S.R.R.) at 1a-8a.)

By decision and order circulated January 27, 2012, WCJ Santoro granted Claimant's claim petition. *Id.* In rendering her decision, WCJ Santoro credited the testimony of Claimant and Dr. Schina, and rejected Dr. Levin's testimony as neither credible nor persuasive. *Id.* Employer appealed to the Board, arguing that WCJ Santoro failed to review and/or analyze the substantial evidence it presented, namely the deposition testimony of Pilson, Dr. Kuntz, Dr. Levin, and Dr. Stahlman, and the medical records from Temple University Hospital.[1] (S.R.R. at 9a-10a.) Further, Employer argued that WCJ Santoro failed to address the crucial issue in this case, i.e., whether Claimant's loss of earnings was the result of his termination following a positive drug test. *Id.* Rather, Employer contended that WCJ Santoro merely adopted Claimant's proposed findings. *Id.*

On February 15, 2012, WCJ Santoro issued an amended/corrected decision, still granting Claimant's claim petition, but including additional findings relating to the deposition testimony of Dr. Kuntz, Dr. Stahlman, and the medical records from Temple University Hospital. (S.R.R. at 11a-19a.) However, WCJ Santoro again failed to review or analyze the deposition testimony of Pilson or Dr. Levin, or address the issue of Claimant's positive drug test. *Id.*

Employer thereafter filed a second appeal with the Board arguing that WCJ Santoro's *sua sponte* issuance of an amended/corrected decision was improper and inconsistent with section 131.112 of the Special Rules of Administrative Practice and Procedure Before Workers' Compensation Judges, 34 Pa. Code §131.112 (providing that a WCJ may correct a typographical or clerical error, or obvious

---

[1] WCJ Santoro did review a report submitted by Dr. Levin, but not his deposition testimony.

3

omission or error on her own motion or upon the motion of a party, but that any other corrections requires the written agreement of the parties). (S.R.R. at 20a-22a.) Employer reiterated its argument that WCJ Santoro failed to review or analyze the deposition testimony of Dr. Levin or the issue of Claimant's positive drug test. *Id.* Further, Employer argued that the WCJ's findings were not supported by substantial evidence and actually contradicted the evidence of record. *Id.*

By decision dated October 16, 2013, the Board vacated both decisions by WCJ Santoro and remanded for further proceedings, *de novo*, relating to Claimant's claim petition. (S.R.R. at 23a-28a.) The Board specifically recommended that the matter be assigned to a new WCJ. *Id.* In rendering its decision, the Board noted that this Court has previously held that the "[i]ssuance of an Amended Order by the WCJ without written agreement of the parties that did not correct a typographical or clerical error or oversight, but obviously evidenced a change in analysis which affected the substantive rights of the parties was . . . null and void."[2] (S.R.R. at 27a.) The Board concluded that "the WCJ's attempt to rehabilitate her earlier decision by referencing the omitted exhibits in her Amended/Corrected Decision did not accomplish that purpose" and made "substantive changes to the earlier Decision." *Id.* The Board further held that the WCJ erred by not reviewing all evidence of record and by failing to address Employer's defense of termination for cause, i.e., Claimant's positive drug test. *Id.*

Despite the recommendation of the Board, the matter was reassigned to WCJ Santoro, who conducted a hearing on April 8, 2014. Following a lengthy pre-

---

[2] The Board cited our previous decisions in *Varkey v. Workers' Compensation Appeal Board (Cardone Industries)*, 827 A.2d 1267 (Pa. Cmwlth. 2003), and *Butcher v. Workmen's Compensation Appeal Board (Treadway Resort Inn)*, 517 A.2d 1023 (Pa. Cmwlth. 1986).

4

trial conference with respective counsel for the parties, WCJ Santoro announced her agreement with the Board's recommendation to reassign this matter to a new WCJ. (S.R.R. at 31a.) WCJ Santoro noted that "[b]oth counsel have agreed with [the reassignment]." (S.R.R. at 32a.) She went on to state that she was "officially recusing [herself] from this case based upon the Remand and my conversation with Counsel" and "given the series of events that have happened." *Id.* She then noted that "[b]oth counsel have agreed to my recusal." *Id.*

The matter was subsequently reassigned to WCJ Erin Young, who had previously been assigned a protective termination petition filed by Employer during the pendency of its appeals relating to Claimant's claim petition. At a hearing held with respect to Employer's termination petition on October 17, 2014, counsel for the parties reiterated that neither objected to the reassignment of the remanded claim petition to WCJ Young. The remanded claim petition was officially reassigned to WCJ Young on November 17, 2014. (S.R.R. at 34a-38a.)

By decision and order circulated March 6, 2015, WCJ Young granted Claimant's claim petition in part, concluding that Claimant had sustained his burden of proving that he sustained a compensable work injury on July 21, 2010, in the nature of a cervical and lumbar strain and sprain. (S.R.R. at 39a-52a.) However, WCJ Young further found that Claimant failed to meet his burden of proof with respect to disability resulting from the work injury or his allegations of additional injuries. *Id.* The WCJ explained that Claimant returned to work following his injury and his subsequent loss of wages was the result of his termination from employment for a cause wholly unrelated to his work injury. *Id.* Thus, the WCJ granted Employer a suspension of Claimant's benefits effective July 21, 2010. *Id.* Further, accepting the testimony of Dr. Levin as credible that Claimant had fully recovered

5

from his work injury as of the date of his examination of Claimant, January 6, 2011, WCJ Young granted Employer a termination of benefits effective as of that date. *Id.*

Claimant thereafter appealed to the Board, arguing that WCJ Young's findings were not supported by substantial evidence and that the Board lacked the authority to remand the matter to a new WCJ. (S.R.R. at 53a-57a.) Nonetheless, the Board affirmed WCJ Young's decision. (S.R.R. at 58a-69a.)

On appeal to this Court,[3] Claimant argues that the Board erred and exceeded its discretion in remanding the case to a different WCJ for *de novo* proceedings.[4] We disagree.

### Discussion

Claimant acknowledges that the Board has broad discretionary authority under section 419 of the Workers' Compensation Act (Act)[5] to remand to a WCJ. Section 419 provides as follows:

---

[3] On appeal, our scope of review is limited to determining whether findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704, *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214, 261 n.3 (Pa. Cmwlth. 2006).

[4] In his petition for review, Claimant reiterated the argument he raised before the Board that WCJ Young's findings were not supported by substantial evidence. However, in his brief, Claimant abandoned this argument and proceeded solely with the argument set forth above. Thus, Claimant's substantial evidence argument is waived. *See Muretic v. Workers' Compensation Appeal Board (Department of Labor & Industry)*, 934 A.2d 752, 758 (Pa. Cmwlth. 2007) (holding that issues raised in a petition for review but not addressed in a brief are waived).

[5] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §852.

The board may remand any case involving any question of fact arising under any appeal to a referee[6] to hear evidence and report to the board testimony taken before him or such testimony and findings of fact thereon as the board may order. The department may refer any question of fact arising out of any petition assigned to a referee, to any other referee to hear evidence, and report the testimony so taken thereon to the original referee.

77 P.S. §852; *see also See Joseph v. Workmen's Compensation Appeal Board (Delphi Co.)*, 560 A.2d 755 (Pa. 1989). Indeed, in *Joseph*, our Supreme Court held that the Board properly remanded a matter to the WCJ where the WCJ admittedly closed the record prematurely without considering a party's brief relating to a determinative issue of insurability. Here, the WCJ failed to consider the bulk of the evidence presented by Employer and, perhaps more importantly, failed to address the crucial issue of Claimant's entitlement to benefits following the termination of his employment due to a failed drug test.

Moreover, we have previously noted that section 419 of the Act merely states that the Board may remand to "a referee," and that "this language imposes no requirement that a case must always be remanded to a different referee. . . ." *Boyd v. Workmen's Compensation Appeal Board (Eichleay Corp.)*, 631 A.2d 1111, 1113 (Pa. Cmwlth. 1993). The reverse is equally applicable, i.e., the language of section 419 imposes no requirement that the Board remand a matter to the same referee. In other words, section 419 is neither a statutory mandate that a case be remanded to an original referee, nor is it a statutory prohibition on remanding the matter to a new referee. Furthermore, we note that the Board did not direct that the matter be transferred to a new WCJ, it only recommended that such action be taken, and the

---

[6] Pursuant to sections 109 and 401 of the Act, 77 P.S. §§29, 701, "referees" are now referred to as "WCJs."

7

record reveals that Claimant explicitly agreed to a remand to a different WCJ during hearings before both WCJ Santoro and WCJ Young. (S.R.R. at 32a, 35a.)

Nevertheless, Claimant asserts that the Board lacked the authority to remand the case for a *de novo* hearing and that such action by the Board amounts to the grant of a rehearing and a second bite at the apple for Employer. We do not agree.

In her original decision, WCJ Santoro merely adopted Claimant's proposed findings and conclusions without addressing the evidence or principal issue submitted by Employer. While WCJ Santoro attempted to correct these substantial defects via her *sua sponte* issuance of an amended/corrected decision, such decision still failed to consider the bulk of the evidence and the principal issue submitted by Employer and, as the Board held, was null and void. Additionally, contrary to Claimant's argument, the Board's remand does not amount to a rehearing or a second bite at the apple. Rather, the Board's remand essentially requires a complete review of all of the evidence submitted by the parties, a review that WCJ Santoro failed to conduct when rendering her original decision.

Because a remand for *de novo* proceedings was appropriate given our review of the record in this case, and there is no authority prohibiting a remand to a new WCJ, the Board did not err or exceed its discretion.

Accordingly, the order of the Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Roosevelt McDaniel,                          :
               Petitioner          :
                                       :    No.  797 C.D. 2016
            v.                          :
                                         :
Workers' Compensation  Appeal              :
Board (Maramont Corporation),              :
               Respondent          :

## *ORDER*

AND  NOW,  this  20ᵗʰ  day  of  December,  2016,  the  April  20,  2016 order of the Workers' Compensation Appeal Board is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge