IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Becky A. Tarawallie,                          :
                          Petitioner          :
                                              :
          v.                                  : No. 717 C.D. 2023
                                              : Submitted: June 6, 2024
Magee Memorial Hospital for                   :
Convalescents (Workers'                       :
Compensation Appeal Board),                   :
                          Respondent          :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED: July 22, 2024


     Becky A. Tarawallie (Claimant), *pro se*, petitions for review (Petition for Review) of the June 15, 2023 order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) June 30, 2022 Decision and Order (WCJ Decision), which denied Claimant's Claim Petition (Claim Petition) and granted Magee Memorial Hospital for Convalescents' (Employer) Petition to Terminate Compensation Benefits (Termination Petition). After review, we affirm.

## I. Factual and Procedural Background

Claimant worked as a Certified Nurse Assistant (CNA) for Employer. WCJ Dec., 6/30/22, Findings of Fact (F.F.) ¶ 1. On November 4, 2020, Claimant slipped and fell on blue cheese dressing that had spilled on the floor at her workplace. *Id.* Claimant filed a Claim Petition under the Workers' Compensation Act (Act)[1] alleging she sustained a low back strain, disc herniations, and a right hip strain because of her fall. Certified Record (C.R.) at 8.[2] In her Claim Petition, Claimant sought full disability benefits ongoing from the date of injury. *Id.* at 10.

Employer issued a Temporary Notice of Compensation Payable (NCP) and then an Amended NCP acknowledging Claimant sustained a work injury in the form of right upper arm and right hip contusions. *Id.* at 17, 237 In January 2021, Employer issued a Notice of Workers' Compensation Denial (Denial), a Notice Stopping Temporary Compensation (NSTC), and a medical-only NCP. *Id.* at 283-88. In late 2021, Employer filed a Termination Petition alleging Claimant was fully recovered as of December 1, 2021. *Id.* at 23.

The WCJ held six hearings on Claimant's and Employer's petitions. The final hearing was a virtual hearing, at which Claimant testified. Claimant and Employer submitted deposition testimony, Claimant submitted a fee agreement, and Employer submitted various documents and surveillance videos.[3] Ultimately, in a Decision

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] The Certified Record is not paginated. We use the electronic page numbers for ease of reference.

[3] The WCJ notes he considered "video of surveillance activity conducted on August 21, 2021[,] and April 17, 2022." WCJ Dec. ¶ 10. However, the certified record contains the video from April 17, 2022, only. It is well settled an appellate court cannot consider anything which is not contained in the certified record. *See, e.g.*, *Kozicki v. Unemployment Comp. Bd. of Rev.*, 299 A.3d 1055 (Pa. Cmwlth. 2023). We conclude despite the absence of the August 21, 2021 video, the record contains substantial evidence to support the WCJ's findings, as we explain herein.

and Order circulated June 30, 2022, the WCJ denied Claimant's Claim Petition and granted Employer's Termination Petition. The WCJ concluded Claimant did not meet her burden of proving entitlement to further indemnity benefits. The WCJ also concluded Employer met its burden of proving Claimant had fully recovered from the work injury. Claimant appealed to the Board, and the Board affirmed the WCJ Decision. Claimant now appeals to this Court.

In her Petition for Review, Claimant raises several issues, all linked to evidentiary arguments. Initially, she asserts her counsel failed to submit evidence, particularly her doctor's deposition and evidence of her medical procedures. Claimant then claims the WCJ violated her constitutional right to a fair hearing by rendering a decision without evidence, and her constitutional right to due process by denying her the opportunity to submit evidence. Finally, Claimant challenges Employer's evidence in the form of a surveillance video.

## II. Discussion

In a claim petition, a claimant has the burden of establishing a right to compensation and must prove all the elements necessary to support an award of benefits. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592, 595 (Pa. 1993). In a Termination Petition, the employer bears the burden of establishing the work injury has fully ceased. *Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.)*, 705 A.2d 1290 (Pa. 1997). In a case where the claimant complains of continued pain, an employer meets this burden when its medical expert unequivocally testifies the claimant is fully recovered, the claimant can return to work without restrictions, and there are no objective findings which either substantiate the claims of pain or connect them to the work injury. *Id.*

3

"Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated." *Frankiewicz v. Workers' Comp. Appeal Bd. (Kinder Morgan, Inc.)*, 177 A.3d 991, 995 n.2 (Pa. Cmwlth. 2017). Questions of credibility, conflicting medical evidence, and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.)*, 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015).

When considering her Claim Petition, the WCJ found "Claimant's testimony in this matter [was] not convincing." WCJ Dec., F.F. ¶ 11. The WCJ noted Claimant testified she was released to return to modified work in 2020, but she did not accept a job Employer offered. *Id.* ¶ 7. The WCJ also noted Claimant testified that in 2021 she was discharged from care and advised she was fully recovered. *Id.* The WCJ found Claimant was able to travel by airplane to West Africa for a funeral. *Id.* Based on Claimant's testimony, the WCJ found Claimant did not sustain her burden of establishing a continuing injury entitling her to further indemnity benefits. *Id.*, Conclusions of Law (C.L.) ¶ 2. We conclude there was substantial evidence to support this finding.

Turning to Employer's Termination Petition, Employer submitted the deposition testimony of John Petolillo, D.O. (Dr. Petolillo), a board-certified orthopedic surgeon, and the independent medical evaluation (IME) he performed of Claimant. Dr. Petolillo testified that his opinion, within a reasonable degree of medical certainty, was Claimant had fully recovered as of the date of the IME, December 1, 2021. C.R. at 321-22. Dr. Petolillo opined Claimant could return to

4

work as a CNA without restrictions. *Id.* at 318. In support of his opinions, Dr. Petolillo testified he reviewed magnetic resonance imaging (MRI) and Claimant's lumbar MRI showed "no abnormalities to suggest any nerve root compression at all," and an MRI of her hip revealed "no evidence of tendon tear whatsoever." *Id.* at 319- 20. Based on his "objectively normal physical examination" of Claimant, Dr. Petolillo opined Claimant had fully recovered from her injury. *Id.* at 322. The WCJ considered this evidence and found Dr. Petolillo "credible and convincing." WCJ Dec., F.F. ¶ 12. Therefore, the WCJ found Employer met its burden of proving Claimant was fully recovered. WCJ Dec., C.L. ¶ 3.

Claimant generally challenges the video surveillance footage. She does not argue it was inadmissible but argues the WCJ did not afford it the correct weight. Determinations of evidentiary weight are within the WCJ's authority. Furthermore, because the record lacks the video surveillance of April 17, 2022, we are unable to consider it. However, even without this evidence, there is substantial evidence in the record to support the WCJ's findings. The WCJ did not rely exclusively on video evidence; rather, he found it supported the opinions of Dr. Petolillo. Dr. Petolillo did not rely on the video either, but instead relied on his examination and observations. Because the WCJ found Dr. Petolillo credible and convincing, substantial evidence exists in the record that Claimant was fully recovered as of December 1, 2021.

Regarding Claimant's constitutional challenges to the WCJ Decision, Claimant had the opportunity to testify and present evidence at multiple hearings before the WCJ. Claimant did not establish the WCJ precluded her from doing so. Therefore, we conclude Claimant failed to establish her constitutional rights were violated in any way.

5

Claimant also claims her previous counsel was ineffective because he failed to introduce evidence. We note initially, the effective assistance of counsel is not constitutionally mandated in the workers' compensation context. *Johnson v. Workmen's Comp. Appeal Bd.*, 321 A.2d 728, 730 (Pa. Cmwlth. 1974). However, this does not mean proven incompetency may never constitute "cause shown" for a rehearing under Section 426 of the Act, 77 P.S. § 871.[4] *Id*. Section 426 of the Act states, in relevant part, the Board may grant a rehearing of any petition it decided "upon petition of any party and upon cause shown." 77 P.S. § 871.

Here, however, Claimant failed to establish her counsel's failure to submit certain evidence created "manifest injustice," deprived her of the only means to meet her burden of proof, or otherwise rose to the level of "just cause" necessary to merit a rehearing. *See Bickel v. Workmen's Comp. Appeal Bd. (Williamsport Sanitary Auth.)*, 538 A.2d 661 (Pa. Cmwlth. 1988). Claimant testified "live" by videoconference to the WCJ and by a submitted deposition. She testified about her injury, pain, current abilities, and medical treatments. Ultimately, the WCJ did not find Claimant credible and found Dr. Petolillo credible. The WCJ is the ultimate arbiter of credibility and the WCJ's findings were supported by substantial evidence in the record.

## III. Conclusion

For the foregoing reasons, we conclude the WCJ's findings are supported by substantial evidence, he committed no error of law or violation of Claimant's constitutional rights, and the Board properly affirmed the WCJ Decision.

---

[4] Section 426 was added by Section 6 of the Act of June 26, 1919, P.L. 642.

6

Accordingly, we affirm the Board's order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Becky A. Tarawallie,                          :
                                Petitioner    :
                                              :
        v.                                    : No.  717 C.D. 2023
                                              :
Magee Memorial Hospital for                   :
Convalescents (Workers'                       :
Compensation Appeal Board),                   :
                                Respondent :

# **O R D E R**

**AND NOW**, this 22nd day of July 2024, the June 15, 2023 order of the Workers' Compensation Appeal Board is **AFFIRMED**.


                                        _____
                                        STACY WALLACE, Judge