517 A.2d 1023

Harry E. Butcher, Petitioner *v.* Workmen's Compensation Appeal Board (Treadway Resort Inn), Respondent.

Treadway Resort Inn and Underwriters Adjusting Company, Petitioners *v.* Workmen's Compensation Appeal Board (Butcher), Respondents.

Treadway Resort Inn and Underwriters Adjusting Company, Petitioners *v.* Workmen's Compensation Appeal Board (Butcher), Respondents.

Harry E. Butcher, Petitioner *v.* Workmen's Compensation Appeal Board (Treadway Resort Inn), Respondents.

242

Argued September 11, 1986, before Judges CRAIG, COLINS and PALLADINO, sitting as a panel of three.

*Matthew Guntharp,* with him, *John L. Sampson, Appel, Yost* & *Sorrentino,* for appellant/appellee, Harry E. Butcher.

*Robert P. Reed, Metzger, Wickersham, Knauss* & *Erb,* for appellee/appellant, Treadway Resort Inn.

OPINION BY JUDGE PALLADINO, November 17, 1986:

This case involves cross-appeals from two decisions of the Workmen's Compensation Appeal Board (Board) which affirmed-in-part and modified-in-part an amended decision of a referee.

Harry E. Butcher (Claimant) was employed by Treadway Resort Inn (Employer) as a service and dining room manager.[1] Claimant sustained a work-related back injury while moving heavy objects in Employer's dining room. Claimant filed a Workmen's Compensation Claim Petition on September 17, 1981.

The referee issued a decision, dated January 4, 1984, awarding compensation to Claimant at the full disability rate from June 1, 1981 until August 31, 1981 based on a weekly earning capacity of $171.44.[2]

---

[1] Claimant's duties included, among others, carrying liquor and beer from the storage area, arranging dining room tables for parties, cleaning tables when bus boys were busy, moving planters weighing 100 lbs. or more, moving a large cash register, and bringing dinners on a large tray from the kitchen to the waitress station.

[2] The referee found Claimant's pre-injury wage to be $248.52. Referee's Decision finding # 20 and Referee's Amended Decision finding # 20. The $171.44 was Claimant's post-injury wage rate and was mistakenly used in computing total disability compensation.

Thereafter, on January 13, 1984, Claimant's counsel sent a letter to the referee alleging: 1) that the referee based the total disability compensation award on Claimant's post-injury rather than pre-injury earning capacity, and 2) that the referee failed to award partial disability compensation although he found a disparity between Claimant's pre-injury and post-injury earning capacity.

On January 17, 1984, the referee issued an amended decision. This decision, in substantially the same form as the first decision, awarded partial disability compensation based on the differential between Claimant's pre-injury and post-injury wages. These partial disability payments were to begin "*September 7, 1983,*[3] continuing to the present and into an indefinite future." (Emphasis added.) The referee did not, however, correct the full disability compensation rate nor did he make any findings of fact as to partial disability.

On cross-appeal to the Board, Claimant asserted that the amount of total disability compensation was in error and that the September 7, 1983 commencement date of partial disability compensation should have been September 1, 1981. The Employer asserted that the amended decision of the referee was "null, void and without validity as said decision was issued without the concurrence of the parties and in violation of Title 34, Pa. Code, Section 131.67".

By Order dated June 14, 1985, the Board modified the commencement date of partial disability stating:

> We find merit for that portion of the appeal concerning the commencement date of partial disability. Compensation for partial disability should

---

[3] The origin of the September 7, 1983 date is a mystery. Total disability ceased on August 31, 1981. This date has been corrected to September 1, 1981 by the Board in its October 4, 1985 amended decision.

commence on the day after total disability ceases which is August 31, *1983*. Therefore, the claimant is entitled to compensation for partial disability for the period September 1 to September 7, *1983* and, to that extent, the referee's order is hereby modified. . . . We find no merit in Claimant's contention that the referee misconstrued or misapplied the proper amount of compensation for *partial* disability.[4] (Emphasis added.)

Both Claimant and Employer filed appeals in this Court from the June 14, 1985 decision of the Board. In the interim, on October 4, 1985, the Board issued an amended opinion correcting the commencement date for partial disability to *September 1, 1981* and affirming the decision of the referee. Both parties have again appealed to this Court. All four appeals have been consolidated for disposition herein.[5]

In a workmen's compensation case where the party with the burden of proof prevailed before the referee and the Board took no additional evidence, the scope of

---

[4] Claimant never appealed the amount of partial disability compensation. Claimant appealed the miscalculation of his total disability compensation rate, which the Board failed to address.

[5] R. A. P. 1701(a) provides, in pertinent part: "[A]fter . . . review of a quasijudicial order is sought, the . . . government unit may no longer proceed further in the matter. However, R. A. P. 1701(b)(1) allows a government unit to "(1) Take such action as may be necessary to . . . correct formal errors in papers relating to the matter. . . ."

Appeals may be taken to the Commonwealth Court from *final* orders of an administrative agency. 42 Pa. C. S. §763. By virtue of the Board's amended decision of October 4, 1985, issued pursuant to R. A. P. 1701(b)(1), the Board's June 14, 1985 order is no longer final. Accordingly, 1864 C. D. 1985 and 1887 C. D. 1985, cross-appeals from the Board's June 14, 1985 order, will be dismissed as moot.

review of the Commonwealth Court is to determine whether constitutional rights were violated, an error of law was committed or necessary findings of fact were unsupported by substantial evidence. *Peer v. Workmen's Compensation Appeal Board (B&W Construction)*, 94 Pa. Commonwealth Ct. 540, 503 A.2d 1096 (1986).

The appeals of the parties can be summarized as follows: Employer alleges that the referee's amended decision is null, void and without validity as issued in violation of 34 Pa. Code §131.67. Employer further alleges that the first decision of the referee is supported by substantial evidence and should be affirmed as there is no basis for awarding partial disability benefits to Claimant. The Claimant alleges that the amount of total disability compensation has been miscalculated, that the commencement date for partial disability is in error, and that he is entitled to an award for attorney fees for the appeal to *this Court*. We will treat each issue in order.

Employer first contends that the referee's amended decision is "null, void and without validity" as it was issued in violation of Section 67 of the Special Rules of Administrative Practice and Procedure Before Referees, 34 Pa. Code §131.67. We agree.

In relevant part 34 Pa. Code §131.67 states: "(a) General rule: Any decision and order of a referee may be amended or corrected by the referee subsequent to the circulation of the decision and order, *but only if requested within the appeal period and only upon the written agreement of all parties in interest.*" (Emphasis added.) By letter dated January 13, 1984, Claimant requested that, pursuant to 34 Pa. Code §131.67, the referee amend and/or correct his January 4, 1985 decision. On January 17, 1985, the referee, without securing the written agreement of the parties as contemplated by 34

Pa. Code §131.67,[6] amended his January 4, 1984 decision and granted partial disability compensation to Claimant. He did not, however, adjust the amount of total disability compensation.

Although Claimant specifically made his request for amendment and/or correction pursuant to 34 Pa. Code §131.67, he now urges that our decision in *Drozd v. Workmen's Compensation Appeal Board,* 86 Pa. Commonwealth Ct. 364, 485 A.2d 96 (1984), allows the referee to modify his decision, at any time, in order to correct an error. Claimant misapprehends the import of *Drozd*.

In *Drozd*, we were faced with an appeal from an order of the Board affirming a referee's dismissal of Drozd's petition for modification of an award for total disability under Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§771 and 772.[7] Mr. Drozd alleged a miscalculation of the amount of total disability compensation and the referee dismissed his modification petition because it was to correct an "award" and not a "notice of compensation payable" or an "agreement" as contemplated by the statute.

*Drozd* stands for the proposition that a referee, when faced with a petition for modification under Sec-

---

[6] The referee also did not conform his amended decision to §131.67(b), which prescribes the requirements for an amended decision.

[7] Section 413 of the Act is in two paragraphs. The first paragraph, 77 P.S. §771, permits a referee at any time to review and modify or set aside a notice of compensation payable or an agreement for compensation "if it be proved that such notice of compensation payable or agreement was in any material respect incorrect." The second paragraph, 77 P.S. §772, permits a referee at any time to modify, reinstate, suspend or terminate a notice of compensation payable, an agreement, or an award upon proof of a change in the disability of the injured employee.

tion 413 of the Act, may modify a workmen's compensation award to correct mistakes in the mechanical application of the statute.[8] It is not applicable to the case at bar for the following reasons: 1) The case at bar concerns a request for correction and/or amendment under 34 Pa. Code §131.67 rather than a petition for modification under Section 413 of the Act; and 2) We are concerned with the total omission of findings of fact and conclusions of law as to partial disability rather than a mechanical misapplication of a statutory provision as in *Drozd*.[9]

Therefore, we hold that the referee's amended decision is null and void for failure to comply with the requirement of 34 Pa. Code §131.67 to obtain the written agreement of both parties to the amendment.

As its second ground for appeal, Employer asserts that we should affirm the initial decision of the referee as supported by substantial evidence, thereby denying Claimant partial disability compensation.

Claimant filed a timely appeal to the Board from the referee's initial decision concerning the same issues. Both parties appealed to the Board from the referee's amended decision. On appeal, the Board affirmed the amended decision of the referee, concluding that the award of partial disability benefits was supported by substantial record evidence.

However, in both his original and amended decisions, the referee made no findings of fact that Claimant was partially disabled. The only findings in the amend-

---

[8] In his request for correction and/or amendment pursuant to 34 Pa. Code §131.67 Claimant did allege a mechanical misapplication of the statute which both the referee and the Board have failed to correct.

[9] Drawing on equity principles, *Drozd* extends the relief granted under Section 413 of the Act to referee's awards without having to prove a change in the nature or extent of the disability.

ed decision dealing with Claimant's physical abilities to perform his prior employment are as follows:

19. From Claimant's last day of work for Defendant up to the last date Dr. Gastaldo saw Claimant with a reasonable degree of medical certainty, Claimant was not capable physically of doing his job with Defendant without greatly compromising his physical well being.

22. By letter of August, 1981, Dr. Gastaldo advised Claimant's attorney 'Harry has improved dramatically, I think he can return to work. At this point I can envision no restrictions for Harry.'

Dr. Gastaldo last saw Claimant, as a patient, on August 13, 1981.

Although the testimony before the referee might support a finding of partial disability, our scope of review limits us to a review of the record to ascertain whether substantial evidence supports the referee's findings of fact. Therefore, because of the failure of the referee to make necessary findings of fact, we cannot perform our appellate function and must remand for findings of fact and conclusions of law on the issue of partial disability.

Claimant initially contends that the referee utilized the incorrect earning capacity in determining the total disability compensation award. We agree. In both the initial and amended decisions, the referee found that Claimant earned an average weekly wage of $248.52 prior to his period of total disability. Yet the referee, in both decisions, based total disability compensation upon the post-injury wage of $171.44.[10] The Board affirmed the referee's total disability award.

---

[10] Finding of fact number 23 and conclusion of law number 5 of both the referee's initial and amended decisions.

Section 306(a) of the Act, 77 P.S. §511, establishes that total disability compensation will be paid at a rate equal to sixty-six and two-thirds percentum of the wages of the injured employee. Therefore, pursuant to Section 306(a), we modify the decision of the Board and order that total disability compensation for the period of June 1, 1981 to August 31, 1981 at a rate of one hundred and sixty-five dollars and sixty-eight cents ($165.68) per week be paid to Claimant.

As to Claimant's second issue, that the date for the commencement of partial disability compensation is incorrect, we note that this date has already been corrected by the Board's amended decision of October 4, 1985. If partial disability compensation is awarded on remand, the September 1, 1981 commencement date should be utilized.

Lastly, Claimant asserts that we should award attorney fees against Employer for the appeal to this Court. Claimant admits that Employer had "reasonable grounds for contest" before both the referee and the Board. However, Claimant asserts that Employer's contest of Claimant's appeal to this Court is frivolous and without merit. As such, he asserts that we should impose attorney fees on Employer for this appeal. We decline to so do.

While it is true that Employer could have conceded the mechanical and clerical mistakes of the referee and the Board at an earlier date, its failure to do so, in light of its continuing reasonable contest as to partial disability, does not support the imposition of attorney fees against Employer. Thus, we find Claimant's assertion to be without merit.

Accordingly, we affirm-in-part, modify-in-part, reverse and remand-in-part, and dismiss Claimant's petition for attorney fees.

ORDER IN 1864 C.D. 1985

AND NOW, November 17, 1986, the appeal of Harry Butcher, No. 1864 C.D. 1985, is dismissed as moot.

ORDER IN 1887 C.D. 1985

AND NOW, November 17, 1986, the appeal of Treadway Resort Inn and Underwriters Adjusting Company, No. 1887 C.D. 1985, is dismissed as moot.

ORDER IN 2981 C.D. 1985 AND 2938 C.D. 1985

AND NOW, November 17, 1986, the order of the Workmen's Compensation Appeal Board, Docket No. A-87605, dated October 4, 1985 correcting an order of the Workmen's Compensation Appeal Board, Docket No. A-87605, dated June 14, 1985, is modified to change the rate of total disability compensation to $165.68 per week commencing June 1, 1981 and continuing until August 31, 1981; and is reversed and remanded for findings of fact and conclusions of law as to whether partial disability existed as of September 1, 1981 continuing into the indefinite future. In all other respects, the decision is affirmed. Claimant's petition for attorney's fees is dismissed.

Jurisdiction relinquished.