Edward **FLORIA**, Petitioner,

v.

**WORKERS' COMPENSATION APPEAL BOARD (GENERAL ELECTRIC),** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 30, 1997.

Decided July 9, 1997.

John J. Mezzanotte, Jr., Media, for petitioner.

Catherine B. Herrmann, Philadelphia, for respondent.

Before COLINS, President Judge, McGINLEY, J., and LORD, Senior Judge.

LORD, Senior Judge.

Edward Floria petitions this Court for review of a Workers' Compensation Appeal Board (Board) order that vacated a Workers' Compensation Judge's (WCJ) February 6, 1995 decision vacating his own decision, circulated January 30, 1995, dismissing Floria's claim petition. The Board reinstated the WCJ's earlier decision.

This appeal has its genesis in Floria's claim petition brought as a result of a work-related herniated disc he allegedly suffered in November 1991. Prior to his injury, Floria, who was over fifty-five years old and who had been employed with General Electric for over twenty-five years, was scheduled to participate in a job elimination program that included a benefits package. The last hearing in this matter occurred on November 9, 1994. The notes from this hearing were not transcribed.[1]

On January 30, 1995, the WCJ circulated an opinion dismissing Floria's claim petition. Floria's counsel says that he received this decision on February 1, 1995, and he immediately wrote a letter to the WCJ reminding him of the extension which he had allegedly granted so that Floria could file proposed findings of fact and conclusions of law within twenty days after he received the November 9, 1994 notes of testimony, which at that time merely appeared delayed. In this letter, Floria's counsel asked the WCJ to vacate his decision dismissing Floria's claim petition, so that Floria would have a chance to file proposed findings of fact and conclusions of law, as purportedly agreed by the WCJ.[2]

On February 6, 1995, the WCJ issued the following order.

**AND NOW, TO WIT,** this 6th day of February 6, 1995, the Circulated Decision of January 30, 1995, is hereby *VACATED.*

The Decision is being **VACATED** for further **FINDINGS** from Claimant's Counsel.

1. Supposedly the court reporter who took the stenographic notes of testimony on November 9, 1994 is unable to find them.

2. We can find no copy of this February 1, 1995 letter in the certified record although it is included in the reproduced record. Inclusion of copies of documents in the reproduced record that are not in the certified record is improper, *see, e.g., Novak v. Workmen's Compensation Appeal Board (Detweiler),* 59 Pa.Cmwlth. 596, 430 A.2d 703 (1981); *see also* Pa. R.A.P.1921, but the result we reach today does not stem from this violation. Instead, we refer to this letter only for purposes of clarity, not because its contents compel a particular result.

The employer then appealed from this order, and, on December 10, 1996, as previously set forth, the Board vacated this order and reinstated the WCJ's decision circulated January 30, 1995. In doing so, the Board stated in relevant part:

> On February 27, 1995, the Defendant filed an appeal from the February 6, 1995 decision claiming same violated Rule 131.112 of the Special Rules of Administrative Practice and Procedure before Referees in that the parties never agreed in writing to such an amendment. We agree.[3],[4]

(Footnotes added).

■ On appeal here, we must now determine whether 34 Pa.Code § 131.112 [Correction or amendment of decision] precludes the WCJ from vacating his earlier decision by subsequent order. If it does, we will affirm the decision of the Board.

34 Pa.Code § 131.112 provides:

(a) A decision or an order of a referee may be amended or corrected by the referee subsequent to the service of notice of the decision and order. A typographical or clerical error may be corrected on the referee's motion or on the motion of one or both parties. Other amendments or corrections shall be made only upon written agreement to the parties. A request shall be made within 20 days of the date of service of notice of the decision and order.

(b) The corrected decision and orders will specifically set forth the items in the prior decision and order which are being corrected and amended, and will contain the provision that "In all other respects the prior decision and order in the case are hereby reaffirmed."

(c) Neither the request for correction nor the corrected decision and order will extend the appeal period of the original decision and order or of a portion of the original decision and order not corrected.

(d) Subsections (a) and (b) supersede 1 Pa.Code § 31.13 (relating to issuance of agency orders).

■ In essence, Floria argues that the rule quoted above, which is applicable to the correction or amendment of a decision, does not similarly apply to the vacation of a decision. The employer argues, however, that this rule does apply, and that, because the WCJ's correction involved more than a typographical or clerical error, the WCJ improperly amended his earlier decision without the parties' written agreement. In support of its contention, the employer relies on our determination in *Butcher v. Workmen's Compensation Appeal Board (Treadway Resort Inn)*, 102 Pa.Cmwlth. 241, 517 A.2d 1023 (1986).[5]

Of course, we have reviewed *Butcher*, wherein this Court held that a referee's amended decision was null and void because it was not issued pursuant to the written agreement of the parties. There, the referee initially issued a decision awarding total disability benefits to the claimant for almost three months. The claimant's counsel then wrote to the referee, asserting that the award of total disability was based on the wrong earning capacity and that the referee neglected to award partial disability compensation as he also should have. Thereafter, the referee amended his decision by awarding partial disability compensation. Here, however, the WCJ did not attempt a piecemeal alteration of his award, which then had an improper substantive effect. Instead, the WCJ entirely rescinded the award because he realized *it never should have issued in the*

3. Thereafter, on December 20, 1996, Floria for the first time filed an appeal to the Board from the WCJ's reinstated January 30, 1995 order. According to Floria, that appeal is pending before the Board, although the employer filed a motion to quash it for lack of jurisdiction.

4. Since the 1993 amendments to the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4, referees are now called Workers' Compensation Judges. *See, e.g., King v. Workmen's Compensation Appeal*

Board (K–Mart Corporation), 664 A.2d 1087 (Pa. Cmwlth.1995), *appeal granted*, 543 Pa. 719, 672 A.2d 311 (1995).

5. Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were unsupported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

*first place.* To this extent, *Butcher* is wholly inapposite because, unlike in that case, the WCJ was not here making a substantive amendment to a standing decision, but was deciding that his first order was a nullity.

Frankly, we think it would be utterly impracticable to deny a WCJ the authority to vacate his or her decision without the written agreement of the parties if he or she realizes, as here, that that decision has been issued erroneously. Further, the fact that 34 Pa. Code § 131.112 requires written agreement of the parties for amended or corrected decisions with substantive changes does not convince us otherwise. This rule serves to protect parties that might not otherwise receive notice of minor or ostensibly minor changes, when, for example, a typographical or clerical error results in a purportedly incorrect compensation rate or eligibility/ineligibility date. It must be remembered that 34 Pa.Code § 131.112(b) requires that a corrected decision contain the proviso that the decision remain otherwise intact. Here, the WCJ was, by his subsequent order, effectuating the opposite result.

In this case, the WCJ obviously believed that he issued his decision, circulated January 30, 1995, in error, and he promptly vacated that decision so that Floria could submit proposed findings of fact. We will not hold today that a WCJ is without power to rescind a decision he should never have issued. For this reason, the Board's December 10, 1996 order vacating the WCJ's February 6, 1995 order is reversed.

### ORDER

AND NOW, this 9th day of July, 1997, the order of the Workers' Compensation Appeal Board, No. A95–0897, dated December 10, 1996, is hereby reversed. The order of the Workers' Compensation Judge dated February 6, 1995 is reinstated.

LEADBETTER, J., did not participate in the decision in this case.