**STRAWBRIDGE & CLOTHIER,**
Petitioner,

v.

**WORKERS' COMPENSATION
APPEAL BOARD (McGEE),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 2000.
Decided May 24, 2001.

Brian J. Durkin, Philadelphia, for petitioner.

Elizabeth McGee, respondent, pro se.

Before DOYLE, President Judge, and FRIEDMAN, J., and MIRARCHI, Jr., Senior Judge.

DOYLE, President Judge.

Strawbridge & Clothier (Employer) petitions this Court for review of an order from a divided Workers' Compensation Appeal Board (Board). The Board affirmed the decision of a Workers' Compensation Judge (WCJ), which had dismissed Employer's petition seeking approval of a Compromise and Release Agreement and reinstating the benefits of Elizabeth McGee (Claimant). We affirm.

The record indicates that Claimant fell at work on October 28, 1995, and sustained a right knee strain. Employer executed a notice of compensation payable (NCP) accepting responsibility, and Claimant began receiving benefits. In the spring of 1998, Employer contacted Claimant and offered her a lump sum payment of $16,000 in exchange for a full release from all further liability. Claimant signed a Compromise and Release Agreement on May 20, 1998, and the parties appeared, on that date, before the WCJ to facilitate the approval

required by statute. The WCJ questioned Claimant in an effort to determine whether the Claimant, who was unrepresented by counsel, understood the legal significance of the agreement that she had signed. Claimant stated that she did understand that she was releasing Employer from any further liability and confirmed that she had signed the agreement of her own free will.

Convinced that Claimant understood the agreement, the WCJ signed a "bench order" (Bench Order) prepared by Employer approving the agreement, but advised Claimant not to waive her appeal period, which she agreed not to waive. This order was not docketed and no formal opinion and order was ever issued. Five days later, Claimant wrote to the WCJ informing him that she had not understood the release agreement and had reconsidered her decision to compromise her benefits. The WCJ scheduled a second hearing on June 30, 1998. There Claimant explained that she had not understood that she would be giving up coverage of future medical costs, and that she anticipated a need for additional surgery in the future related to the work injury. Over the objections of defense counsel, the WCJ vacated his Bench Order and issued a new order dismissing Employer's petition for approval of the Compromise and Release Agreement and reinstating Claimant's benefits. The WCJ concluded, as a fact, that Claimant had misapprehended the full legal significance of the agreement that she had signed, and that the Bench Order did not constitute a final order because it failed to contain findings of fact and conclusions of law. The WCJ's new order was docketed on July 15, 1998.

Employer appealed to the Board arguing that the Bench Order was a final order and that the WCJ relinquished jurisdiction upon signing that order. Employer also argued that the *only* issue before the WCJ was whether the Claimant understood the legal import of the Compromise and Release Agreement and that, implicit in the WCJ's Bench Order, was the determination that Claimant understood the full legal significance of what she had signed. The Board proceeded *en banc* on this matter and ultimately affirmed the decision of the WCJ. The Board did not reach a majority consensus on the appeal, however, being equally divided five commissioners to affirm and five commissioners to reverse.

The Commissioners who voted to affirm concluded that it was clear from the record that the WCJ intended to follow his Bench Order with an "appropriate order." (Board Opinion, p. 8, quoting WCJ Finding of Fact No. 19.) Those Commissioners deemed it significant that, not only were there no findings of fact and conclusions of law in the Bench Order, but that "order" did not even incorporate the Compromise and Release Agreement to effect a "piggyback" of the facts contained in that document into the order. *Id.* at p. 9.

 The Commissioners who voted to reverse the WCJ determined that the Bench Order effectively terminated the litigation between the parties and was, therefore, a final appealable order. Those Commissioners would find that Claimant's letter to the WCJ was an improper appeal as her recourse was, at that point, to the Board. They would strictly apply 34 Pa. Code § 131.112 to prohibit the WCJ from altering his Bench Order without the agreement of both parties. Because the Board was equally divided, the WCJ's July 15, 1998 order was affirmed. This appeal ensued.[1]

1. This Court's standard of review is limited to determining whether necessary findings of

On appeal, Employer argues that the WCJ's Bench Order constituted a final order that was improperly appealed by Claimant to the WCJ, who was then without jurisdiction to reopen the proceedings and issue an order diametrically contrary to his Bench Order. We must disagree.

■ The Special Rules Before Referees, 34 Pa.Code § 131.111, governs the decisions of referees and states:

(a) Following the close of the record, the referee will issue a **written decision,** which will **contain findings of fact, conclusions of law and an appropriate order** based upon the entire record.

(b) The **decision** of the referee will be a **final order,** subject to correction or amendment under § 131.112 (relating to correction or amendment of decision), or appeal.

34 Pa.Code § 131.111(a) and (b) (emphasis added). Therefore, the Bench Order issued by the WCJ for the purported convenience of the parties, was not a written decision and therefore, was not a final order.[2]

We find *Floria v. Workers' Compensation Appeal Board (General Electric),* 697 A.2d 597 (Pa.Cmwlth.1997), *petition for allowance of appeal denied,* 552 Pa. 697, 716 A.2d 1250 (1998), instructive. In *Floria,* the WCJ circulated an order with an opinion dismissing the claimant's claim petition

(Order 1). Claimant's counsel immediately wrote to the WCJ indicating an oversight on the part of the WCJ and requesting that the WCJ vacate his decision. The WCJ issued an order vacating his original order (Order 2) and Employer appealed to the Board. The Board vacated Order 2 and reinstated Order 1 because the WCJ failed to obtain the consent of the parties. The issue on appeal to us in that case was, "whether 34 Pa.Code § 131.112 [Correction or amendment of decision] precludes the WCJ from vacating his earlier decision by subsequent order." *Id.* at 599. We concluded that the WCJ believed that he had issued his decision in error and that he acted promptly to vacate that decision because it should never have been issued. We said there:

Frankly, we think it would be utterly impracticable to deny a WCJ the authority to vacate his or her decision without the written agreement of the parties if he or she realizes, as here, that that decision has been issued erroneously. Further, the fact that 34 Pa.Code § 131.112 requires written agreement of the parties for amended or corrected decisions with substantive changes does not convince us otherwise.

*Id.* at 600.

Employer argues here that it did not agree to a change in the decision as required by 34 Pa.Code § 131.112.[3] Howev-

---

fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.),* 684 A.2d 673 (Pa.Cmwlth.1996). It is the purpose of the reviewing board and/or appellate court to review the WCJ's conclusions of law, while at the same time ascertaining that the facts found by the WCJ are supported by substantial evidence.

2. We are aware that issuing bench orders at the conclusion of commutation hearings, as

was done in this case, has occurred with some frequency. We caution employers against proceeding without a final order and written opinion, as they do so at their peril.

3. Section 131.112(a) states in relevant part:

(a) A decision or an order of a referee may be amended or corrected by the referee **subsequent** to the service of notice of the **decision** and order.... Other amendments or corrections [other than typographical or clerical] shall be made only upon written agreement to the parties.

er, because the Bench Order did not constitute a "decision" in this matter, as the order at issue was neither docketed nor was service issued, under the rationale presented in *Floria*, we hold that 34 Pa. Code § 131.112(a) is inapplicable.

We find, therefore, that the Board acted properly in affirming the decision and order of the WCJ and, accordingly, we affirm.

### ORDER

**NOW**, May 24, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.

34 Pa.Code § 131.112(a) (emphasis added).