Geevarughese VARKEY, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (CARDONE INDUSTRIES & FIREMAN FUND), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 7, 2003.
Decided June 30, 2003.

---

Paul Auerbach, Merion Station, for petitioner.

No appearance entered on behalf of respondent.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Geevarughese Varkey (Claimant) petitions for review of the October 21, 2002, order of the Workers' Compensation Appeal Board (WCAB) that: (1) affirmed in part and reversed in part a November 1, 2001, decision and order of workers' compensation judge (WCJ) John Liebau; and (2) vacated a November 20, 2001, amended/corrected decision of WCJ Liebau.

Factual and Procedural Background

On January 6, 1994, while employed by Cardone Industries, Claimant sustained a work-related back injury for which he received weekly compensation benefits. (WCJ Liebau's Findings of Fact, No. 1.) The current controversy arose during litigation related to that injury before WCJ Todd Seelig on a termination petition filed by Cardone Industries and its insurer, Fireman Fund (together, Employer) and two penalty petitions filed by Claimant. With agreement of the parties, WCJ Seelig assigned the matter to WCJ Liebau for non-binding mediation. In January of 1998, under WCJ Liebau's supervision, the parties executed a Stipulation of Facts (Stipulation) to resolve the pending litigation. (Stipulation, ¶ 6–7.)

Under the relevant provisions of the Stipulation, Claimant was to return to work for Employer on January 12, 1998, performing a small parts sorting and renewing position. Contingent on Claimant working in that position for two weeks, until January 26, 1998, Employer agreed to pay Claimant: (1) approximately $43,000.00 in past due compensation for various periods between October 14, 1994, and January 11, 1998, (Paragraph 10(a)-(f) benefits); (2) ongoing partial disability benefits beginning January 12, 1998, (Paragraph 10(g) benefits); and (3) continuing reasonable, necessary and related medical benefits (Paragraph 10(h) benefits). (Stipulation, ¶¶ 8–10(a)–(h).) In addition, paragraph 11 of the Stipulation provided as follows. "The parties agree that once the prerequisites of paragraph 9 [the two-week work requirement] are met [Employer] will withdraw the current termination petition and [Claimant] will withdraw the (2) penalty petitions.... This [S]tipulation will be submitted to Judge Todd Seelig resolving all current litigation." (Stipulation, ¶ 11.) (WCJ Liebau's Findings of Fact, Nos. 3–5.)

Claimant complied with the prerequisites set forth in the Stipulation, performing the agreed upon position through January 26, 1998. However, on February 1, 1998, Employer unilaterally ceased paying Paragraph 10(g) benefits for ongoing partial disability. On March 13, 1998, six weeks after Claimant satisfied the Stipulation's prerequisites, Employer paid Claimant a lump sum of $43,317.00, representing the Paragraph 10(a)-(f) benefits. (O.R. at Exhibit C–4.) WCJ Seelig adopted the parties' Stipulation by order dated March 27, 1998, directing Employer to make appropriate payments pursuant to the Stipula-

tion.[1] (WCJ Liebau's Findings of Fact, No. 2.)

Thereafter, Claimant filed another penalty petition alleging that Employer violated the Workers' Compensation Act (Act)[2] by failing to remit Paragraph 10(g) benefits beginning February 1, 1998. (WCJ Liebau's Findings of Fact, No. 7.) The parties subsequently executed a supplemental agreement, acknowledging that Claimant returned to work at a loss of earnings on January 12, 1998, and setting forth the amounts and periods of partial disability, i.e., Paragraph 10(g) benefits, to which Claimant was entitled for the period from January 12, 1998, through March 29, 1998. The supplemental agreement further provided for Claimant's receipt of such benefits in the amount of $110.67 per week thereafter and stated that "Claimant's wages will be reviewed quarterly to determine whether an underpayment or overpayment has occurred." (O.R. at Exhibit B–2, C–2.)

On October 26, 1998, Employer filed a second termination petition, alleging that Claimant had fully recovered from his work injury as of September 28, 1998. The matter was assigned to WCJ Liebau, who denied Employer's request for supersedeas and consolidated Employer's termination petition and Claimant's petition for penalties. (WCJ Liebau's Findings of Fact, Nos. 8–10; O.R.) During the course of hearings on these petitions, Claimant was permitted to amend his penalty petition; in addition to penalties

for Employer's failure to pay Paragraph 10(g) benefits, Claimant sought sanctions for Employer's failure to review wages on a quarterly basis pursuant to the supplemental agreement. As to these claims, Employer's counsel stipulated that required payment of Paragraph 10(g) benefits had not been made and that its carrier did not review Claimant's pay stubs from March 29, 1998, through October, 3, 1998, until February of the following year. (WCJ Liebau's Findings of Facts, Nos. 12–13.)

Claimant also moved to amend his penalty petition to include a penalty for Employer's six-week delay in paying the past due amount of $43,137.00 pursuant to the Stipulation, i.e., the Paragraph 10(a)-(f) benefits. Employer's objection to that motion initially was sustained by WCJ Liebau. (WCJ Liebau's Findings of Fact, No. 13.) However, later in the hearing, WCJ Liebau reversed himself and granted Claimant's request to amend the petition and seek penalties for the six-week delay. (N.T. 6/6/00 at 9–11, 59–60.)

By decision and order dated November 1, 2001, WCJ Liebau denied Employer's termination petition[3] and granted Claimant's penalty petition in part. With respect to the penalty petition, WCJ Liebau found Employer violated the Act by failing to make timely payments of Paragraph 10(g) benefits and by failing to make quarterly reviews of Claimant's income, as set forth in the parties' supplemental agreement. (WCJ Liebau's Findings of Facts,

1. The March 27, 1998, order: (1) directed Employer to make payments pursuant to the terms of the Stipulation; (2) found that, pursuant to the Stipulation and conditioned on the meeting of its prerequisites, Claimant remains disabled as of January 12, 1998, and will receive ongoing partial disability based on his lack of earnings; (3) approved counsel fees and directed Employer to reimburse Claimant's counsel $991.30 for litigation

costs; and (4) marked Employer's termination petition and Claimant's two penalty petitions "withdrawn." (Claimant's brief at D–2—D–3.)

2. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1041.4, 2501–2626.

3. Employer does not challenge this determination on appeal to this court.

No. 16.) Accordingly, WCJ Liebau directed Employer to restore Claimant's lost Paragraph 10(g) benefits with statutory interest of ten percent (10%) and assessed a penalty of fifty percent (50%) of all compensation due and payable. Concluding that Employer's contest in connection with Claimant's penalty petition was unreasonable, WCJ Liebau also ordered payment of an additional $5,100.00 to Claimant's counsel for his work in connection with the penalty petition, not to be deducted from Claimant's award. (*See* WCJ Liebau's Findings of Fact, Nos. 34–35, WCJ Liebau's Conclusions of Law, No. 8; Claimant's brief at E–10.)

However, with respect to Employer's delay in issuing the Paragraph 10(a)-(f) benefits of $43,317.00, WCJ Liebau issued the following findings:

13. Next, Defense counsel informed the Judge that, on March 13, 1998, benefits were issued in the amount of $43,137.00, reflecting benefits to be paid under the Stipulation approved by [WCJ] Seelig. On hearing this, Claimant's counsel moved to Amend this Penalty Petition to include the delay on the part of [Employer] in paying these benefits pursuant to the previous Stipulation. *That motion was objected to by Defense counsel, and sustained by the Judge.*

. . .

17. [WCJ Liebau] further finds, however, that *[Employer's] payment of March 13, 1998, in the amount of $43,317.00, did not reflect a violation of the Act,* as it was made pursuant to a Stipulation executed by the Parties and approved by [WCJ] Seelig in his Decision and Order circulated fourteen (14) days later.

(WCJ Liebau's Findings of Fact, Nos. 13, 17) (emphasis added).

On November 20, 2001, WCJ Liebau issued an ORDER TO AMEND, correcting an error of record and assessing additional penalties against Employer, stating:

[A]t the request of Claimant's counsel and pursuant to § 131.112(a) of The Special Rules, Finding of Fact # 13 of [WCJ Liebau's] Decision and Order circulated on November [1], 2001, is hereby *AMENDED* to add the following statement:

Later in the hearing, [WCJ Liebau] reversed his ruling and allowed the amendment.

Accordingly, the penalty assessed on all compensation due and payable in [WCJ Liebau's] Order shall include the delayed benefits paid pursuant to the Stipulation submitted to [WCJ] Seelig.

In all other respects, the prior decision and order in this case is hereby *REAFFIRMED.*

(Claimant's brief at F–4.)

Claimant and Employer filed cross-appeals with the WCAB. Employer formally appealed only from WCJ Liebau's November 1, 2001, order,[4] whereas Claimant appealed from both the initial order and the November 20, 2001, amended order.[5]

---

4. Employer's appeal is dated November 20, 2001, the date of WCJ Liebau's amended order; however, the appeal document indicates that the appeal is being taken only from WCJ Liebau's order of November 1, 2001, and raises questions concerning that order only. (O.R.)

5. Claimant appealed the November 20, 2001, amended order as a protective measure. Although that order included the Paragraph 10(a)-(f) benefits in the penalty res (which was the basis of Claimant's appeal of the November 1, 2001, order), the November 20, 2001, amended order failed to vacate WCJ Liebau's Findings of Fact, No. 17 of the original decision, which appeared to conflict with the subsequent amended order. Before the WCAB,

Claimant appealed the amended order as a protective measure "following notice ... that [Employer] had decided to appeal ... [and] in the event that it is held that the amended decision is unlawful." (O.R.) In a subsequent letter, Claimant amended its appeal to include a challenge to WCJ Liebau's Finding of Fact, No. 17, which the amended order failed to vacate and which now appeared to conflict with the amended order. (O.R.)

■ On October 21, 2002, the WCAB issued an order vacating WCJ Liebau's November 20, 2001, amended order that assessed a penalty against Employer for its delayed March 13, 1998, lump sum payment. The WCAB determined that the amended order was null and void because it affected substantive rights of a party and, thus, could not be issued without the written agreement of both parties. *See* 34 Pa.Code § 131.112(a). The WCAB also rejected Claimant's challenge to WCJ Liebau's Findings of Fact, No. 17 and determined that Employer was not responsible for penalties on the delayed March 13,

1998, lump sum payment. Finally, the WCAB reversed the WCJ's assessment of counsel fees against Employer, concluding that Employer admitted many of the allegations giving rise to the penalty petition and successfully defended against the largest portion of that petition. The WCAB affirmed WCJ Liebau's decision in all other respects. Claimant now petitions this court for review of the WCAB's order.[6]

## I.

Claimant first argues that the WCAB erred in vacating WCJ Liebau's November 20, 2001, amended order because the validity of that order was not before the WCAB. Claimant contends that, contrary to the WCAB's expressed belief, Employer failed to appeal that order.

■ Although Claimant is correct in stating that Employer's formal appeal document only addressed WCJ Liebau's original November 1, 2001, order, we point out that Employer's subsequent challenge to the amended order[7] went to the WCAB's

---

Claimant requested a remand to resolve this conflict.

6. Our scope of review is limited to determining whether the adjudication is in accordance with the law, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002).

7. The WCAB opinion states that Employer's appeal raises the question of the validity of the amended order. (WCAB op. at 5, Claimant's brief at G-7.) Although, as indicated, Employer's formal appeal document does not address the amended order, we note that Claimant was aware that Employer would be challenging, and the WCAB would be considering, that precise issue. The record here indicates that Employer alerted Claimant of its intention to raise the issue, as evidenced by Claimant's filing of its protective appeal

"following notice ... that [Employer] had decided to appeal [the amended decision]" and "in the event that [the WCAB] held that the amended decision is unlawful." (O.R.) In addition, the WCAB opinion notes that Employer took its appeal "following correspondence from Claimant advising that [WCJ Liebau] circulated an Amended/Corrected Decision on November 20, 2001, permitting the amendment to the Penalty petition with regard to [Employer's] March 13, 1998 lump sum payment." (WCAB op. at 5, Claimant's brief at G-7.) Finally, the WCAB obviously accepted Employer's appeal as including a challenge to the amended order and considered arguments by both Employer and Claimant on that issue. The WCAB opinion does not indicate that Claimant challenged Employer's right to raise the issue of the validity of the amended order; in fact, the WCAB indicates that, with regard to this issue, Claimant attempted only to characterize the amended order as a simple correction to a prior typographic or clerical error. (WCAB op. at 6, Claimant's brief at G-8.)

subject matter jurisdiction.[8] It is well-settled that the question of subject matter jurisdiction can never be waived; it may be raised by any party at any stage in the proceedings or *sua sponte* by the court. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974). Thus, the WCAB properly considered the validity of the November 20, 2001, amended order.

■ As to the validity of that order, we agree with the WCAB that WCJ Liebau's issuance of the corrected decision was impermissible because it was done without the written agreement of both parties. With regard to the correction or amendment of a decision, 34 Pa.Code § 131.112(a) (emphasis added) then provided:

> A decision or an order of a[WCJ] may be amended or corrected by the [WCJ] subsequent to the service of notice of the decision and order. A typographical or clerical error may be corrected on the [WCJ's] motion or on the motion of one or both parties. *Other amendments or corrections shall be made only upon written agreement to [sic] the parties.* A request shall be made within 20 days of the date of service of notice of the decision and order.

Here, the amended order did not correct a typographical or clerical error, nor was it confined to including an oversight from the record; instead, the amended order obviously evidenced a change in analysis that affected the substantive rights of the parties.[9] Thus, WCJ Liebau was required to obtain the written agreement of the parties prior to making the amendment. However, the record reveals that WCJ Liebau's corrected decision was issued without a written agreement by Employer, and, consequently, the amended order is null and void. *Butcher v. Workmen's Compensation Appeal Board (Treadway Resort Inn)*, 102 Pa.Cmwlth.241, 517 A.2d 1023 (1986) (holding that where a WCJ's amended decision fails to comply with the requirements now found at 34 Pa.Code § 131.112(a), that decision is null and void).[10] Accordingly, we affirm the WCAB to the extent that it vacated WCJ Liebau's amended order of November 20, 2001.

## II.

■ Having affirmed the vacation of the amended order, we now consider Claimant's next argument on appeal, that the WCAB erred in upholding WCJ Liebau's Findings of Fact, No. 17. In that find-

8. In *Smiths Implements, Inc. v. Workmen's Compensation Appeal Board (Leonard)*, 673 A.2d 1039 (Pa.Cmwlth.1996), we held that this court can have no subject matter jurisdiction over a petition for review of a null and void decision of the WCAB. Similarly, the WCAB can have no subject matter jurisdiction over an appeal from a null and void decision of the WCJ.

9. As the WCAB observed, it is apparent that the corrected decision changed significant substantive rights of the parties by assessing a penalty of over $20,000 that was not awarded in the original decision. In addition, in the corrected order, WCJ Liebau makes known his belief that the delayed Paragraph 10(a)-(f) benefits should be subject to penalty, thereby,

at least implicitly, overruling his prior Findings of Fact, No. 17, *i.e.*, that Employer did not violate the Act in the timing of this lump sum payment.

10. We reject Claimant's contention that this situation is governed, not by *Butcher*, but by *Floria v. Workers' Compensation Appeal Board (General Electric)*, 697 A.2d 597 (Pa.Cmwlth. 1997), *appeal denied*, 552 Pa. 697, 716 A.2d 1250 (1998). In *Floria*, unlike *Butcher* and the present case, the WCJ did not make a substantive amendment to an existing decision, but rescinded an entire decision that he realized never should have been issued in the first place.

ing,[11] WCJ Liebau found that, because Employer paid Paragraph 10(a)-(f) benefits on March 13, 1998, prior to WCJ Seelig's approval of the Stipulation, Employer did not violate the Act. However, Claimant maintains that this finding is not supported by the record because, pursuant to the Stipulation, Paragraph 10(a)-(f) benefits were due and payable on January 26, 1998. We agree.

Although titled a "Stipulation of Facts," the Stipulation contains, in addition to statements of pure fact, words of express agreement between the parties. With respect to the Paragraph 10(a)-(f) benefits at issue here, the language used in the Stipulation is simple, clear and unambiguous. Once the prerequisites set forth in the Stipulation are met, that is, once Claimant performs the small parts sorting position for Employer from January 12, 1998, until January 26, 1998, Employer agrees to pay Claimant the Paragraph 10(a)-(f) benefits. (Stipulation, ¶¶ 9–10(a)–(f).) Under the Stipulation executed and signed by the parties, nothing other than Claimant's performance is needed to trigger Employer's obligation to pay the past due compensation listed therein. There is no dispute that Claimant satisfied his part of the bargain; thus, Employer's obligation to pay arose on January 26, 1998, and it was left to Employer to commence payment in keeping with its part of the agreement.

We are not persuaded otherwise by the parties' agreement to submit the Stipulation to WCJ Seelig. Although recognizing that such administrative approval would be necessary before the litigation then pending could be resolved officially,[12] (Stipulation, ¶ 11), the Stipulation does not make payments due under its provisions contingent on WCJ Seelig's formal approval.[13] To the contrary, the Stipulation clearly sets January 26, 1998, as the date on which Paragraph 10 benefits are due and payable. If Employer chose not to pay on that date because it was waiting to see if WCJ Seelig would approve the Stipulation, Employer did so at its own risk. WCJ Seelig's approval of the Stipulation merely confirmed January 26, 1998, as the date on which Paragraph 10(a)-(f) benefits were due, and, therefore, Employer's six-week delay in making its lump sum payment was in violation of the Act. Accordingly, because WCJ Liebau's contrary determination was in error, we reverse the WCAB to the extent that it upheld that determination.

11. WCJ Liebau's Findings of Fact, No. 17, while characterized as a "finding of fact," actually is a conclusion of law and, as such, is fully reviewable by this court.

12. The regulation at 34 Pa.Code § 131.91, relating to stipulations of fact, provides, in relevant part:

(a) Stipulations of fact may be filed with the judge to whom the case has been assigned.
(b) The judge may issue a decision based on stipulations of fact, if the judge is satisfied that:
(1) The stipulations of fact are fair and equitable to the parties involved.
(2) The claimant understands the stipulations of fact and the effect of the stipula-

tions of fact on future payments of compensation and medical expenses.

13. Compare Department of Public Welfare v. Workers' Compensation Appeal Board (Overton), 783 A.2d 358, 359 (Pa.Cmwlth.2001), in which the parties executed a stipulation and agreed in the stipulation that "payments of the sums described would be made within 45 days of the issuance of the WCJ's order accepting the [s]tipulation." Moreover, here, there is no evidence that Employer was awaiting formal approval of the Stipulation before making payments; indeed, Employer paid the Paragraph 10(a)-(f) benefits before any such approval was issued.

Section 435(d)(i) of the Act [14] provides that a penalty of up to fifty percent of the compensation due may be assessed against an employer if there has been a violation of the Act or its regulations. 77 P.S. § 991(d)(i). Penalties may be assessed where the employer fails to pay compensation when due. *Spangler v. Workmen's Compensation Appeal Board (Ford)*, 145 Pa.Cmwlth.56, 602 A.2d 446 (1992). However, the assessment of penalties. as well as the amount of penalties imposed under section 435 is at the discretion of the WCJ. *Hoover v. Workers' Compensation Appeal Board (ABF Freight Systems)*, 820 A.2d 843 (Pa.Cmwlth.2003). Because, in his November 1, 2001, decision, WCJ Liebau found that Employer did not violate the Act when it delayed payment of Paragraph 10(a)-(f) benefits until March 13, 1998, WCJ Liebau never dealt with the issue of related penalties. Accordingly, in light of our holding that Employer's delayed lump sum payment was a violation of the Act, we must remand so that the WCJ may rule on these matters. [15]

### III.

Next, Claimant argues that the WCAB erred in reversing the assessed attorney's fee award of $5,100.00 for Employer's unreasonable contest of the penalty petition. We agree.

Under section 440 of the Act, [16] a claimant who successfully litigates a contested case in whole or in part is entitled to an award of reasonable attorney's fees in addition to the award of compensation, unless the employer or insurer can establish a reasonable basis for the contest. Employer has the burden of presenting sufficient evidence to establish a reasonable basis for the contest. *Ricks v. Workers' Compensation Appeal Board (Parkway Corp.)*, 704 A.2d 716 (Pa.Cmwlth. 1997). Further, whether an employer's contest of a workers' compensation claim is reasonable is a question of law, fully reviewable by this court. *Pruitt v. Workers' Compensation Appeal Board (Lighthouse Rehabilitation)*, 730 A.2d 1025 (Pa. Cmwlth.1999).

In Findings of Fact, Nos. 34 and 35, WCJ Liebau found, based on a schedule of legal work and other documentation, that Claimant's counsel worked for thirty-four hours on the penalty petition at $150.00 per hour, which totaled $5,100.00. Importantly, the WCJ awarded this fee in his *initial* decision, in which he believed there were only two aspects to the penalty petition: Employer's unlawful stoppage of Paragraph 10(g) benefits; and Employer's failure to conduct earnings reviews as required in the supplemental agreement. Consequently, the WCJ clearly believed that the fee was reasonable and proper based *solely* on the successful prosecution of these violations.

The WCAB reversed the legal fee award. Although the WCAB agreed that some penalty was appropriate for Employer's delay in payment of Paragraph 10(g)

---

**14.** *Added by* section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 991(d)(i).

**15.** We note that, because WCJ Liebau's amended order was properly vacated, we are now left only with WCJ Liebau's November 1, 2001, decision and order. In that initial decision, there is no question that WCJ Liebau's Findings of Fact, No. 13 is unsupported by the record. Therefore, we direct WCJ Liebau to reissue that finding on remand so that it conforms to the record and reflects that Claimant's penalty petition included Employer's delay in paying Paragraph 10(a)-(f) benefits pursuant to the Stipulation.

**16.** *Added by* section 3 of the Act of February 8, 1972, P.L. 25, *as amended,* 77 P.S. § 996.

benefits, the WCAB was not satisfied that WCJ Liebau properly concluded that Employer unreasonably contested the penalty petition. (WCAB op. at 10, Claimant's brief at G–12.) However, the situation in this case can be compared to other cases involving a violation of the Act, wherein we held that the employer's contest was not reasonable and an award of attorney's fees was appropriate. *See e.g., Hoover* (holding that where an employer violated the Act by failing to timely re-commence payment of the claimant's compensation benefits, the employer's contest was unreasonable and warranted an award of attorney's fees); *Department of Public Welfare v. Workers' Compensation Appeal Board (Overton)*, 783 A.2d 358 (Pa.Cmwlth.2001) (holding that an employer's refusal to abide by a stipulation approved by the WCJ constituted a violation of the Act that precluded a finding of a reasonable contest, thereby rendering an award of penalties proper); *Body Shop v. Workers' Compensation Appeal Board (Schanz)*, 720 A.2d 795 (Pa.Cmwlth.1998) (holding that where an employer violated the Act by refusing to pay the claimant's medical expenses related to his work injury, there could be no reasonable contest and the award of counsel fees was proper).

Here, WCJ Liebau determined, and the WCAB agreed, that Employer had violated the Act by delaying payment of Paragraph 10(g) benefits and failing to make quarterly reviews. In addition, we now have determined that Employer also violated the Act by failing to commence payment of Paragraph 10(a)-(f) benefits in a timely manner. Such violations render Employer's contest in this matter unreasonable, making the award of attorney's fees proper. *Hoover; Department of Public Welfare; Body Shop.* Accordingly, we reverse the WCAB to the extent that it denied WCJ Liebau's award of such fees to Claimant.

In sum, we affirm the WCAB to the extent that it vacated WCJ Liebau's amended order of November 20, 2001, we reverse the WCAB to the extent that it upheld WCJ Liebau's determination that Employer's delayed payment of Paragraph 10(a)-(f) benefits did not constitute a violation of the Act, we remand the case so that the WCJ can determine the amount of penalties, if any, that are warranted for such a violation, and we reverse the WCAB to the extent that it reversed WCJ Liebau's assessment of counsel fees against Employer.

### ORDER

AND NOW, this 30th day of June, 2003, we hereby:

(1) affirm the order of the Workers' Compensation Appeal Board (WCAB), dated October 21, 2002, to the extent that it vacated the November 20, 2001, amended order of the workers' compensation judge (WCJ Liebau);

(2) reverse the WCAB's order to the extent that it upheld WCJ Liebau's November 1, 2001, determination that Cardone Industries & Fireman Fund's (Employer) delay in paying past due workers' compensation benefits to Geevarughese Varkey did not constitute a violation of the Workers' Compensation Act;

(3) remand the case to the WCAB to remand to WCJ Liebau for a determination of the amount of penalties, if any, that are warranted for such a violation and for a correction of WCJ Liebau's Findings of Fact, No. 13; and

(4) reverse the WCAB's order to the extent that it reversed WCJ Liebau's assessment of counsel fees against Employer.

Jurisdiction relinquished.